MANUEL C. LEITE *et al. vs.* MANUEL D. CROVEIRO.

DECEMBER 16, 1913.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Baker, and Vincent, JJ.

(1)   *Landlord and Tenant.   Notice to Quit.*

While Gen. Laws, 1909, cap. 334, § 4, does not prescribe any particular form of notice to quit nor direct the particular manner in which such notice shall be served it does require that the notice must be from the landlord, and a

notice requiring a tenant to surrender possession of a tenement "now occupied by you at 131 X Street to Y, owner of said property at the end of the current month," signed J. C. Q. Atty, is not a compliance with the statute.

(2) *Landlord and Tenant. Notice to Quit.*

Where a notice to quit is signed by an attorney, in the absence of any words indicating that he is acting for or in behalf of the landlord, the court cannot assume that in affixing his signature to the notice he was acting for the landlord, nor can the latter be permitted to supply the omission by oral testimony.

(3) *Landlord and Tenant. Notice to Quit.*

A notice to quit becomes effective, if at all, at and from the time of its service.

(4) *Landlord and Tenant. Notice to Quit.*

While the landlord need not personally affix his signature to a notice to quit, the signing should be in some form clearly indicating that the notice originated with him.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant and sustained.

VINCENT, J. This is an action of trespass and ejectment brought to recover the possession of a certain tenement which the defendant held of the plaintiffs from month to month. The suit was originally commenced in the district court of the sixth judicial district, where a decision was rendered for the plaintiffs for possession and costs. The defendant claimed a jury trial and the case was tried in the Superior Court, where at the conclusion of the testimony each of the parties moved for the direction of a verdict. The court directed a verdict for the plaintiffs, and to this direction and to the refusal of the court to direct a verdict for the defendant, the defendant took exceptions. The defendant based his motion for the direction of a verdict upon the ground that the notice to the defendant to quit and deliver up possession of the tenement was insufficient and not in compliance with the statute—Chapter 334, § 4, Gen. Laws of 1909—in that such notice bore no evidence that it was the notice of the plaintiffs who were the owners of the tenement.

The notice which was served upon the defendant and which was offered in evidence at the trial is as follows: "Providence, R. I., February 3, 1913, Manuel Duarte Croveiro, 131 Tockwotton Street, City. Dear Sir: You are hereby notified that you are requested to quit and surrender possession of tenement now occupied by you at (1) 131 Tockwotton Street, Providence, R. I., to Manuel C. Leite and Emilindo Leite, owners of said property, at the end of the current month. Yours &c., J. C. Quinn, Atty."

It is provided by § 4, Chapter 334 of the Gen. Laws of 1909, that: "Tenants by parole of lands, buildings, or parts of buildings, for any term less than a year, shall quit at the end of the term upon notice in writing from the landlord given at least half the period of the term, not exceeding in any case three months, prior to the expiration of the term."

While the statute does not prescribe any particular form of notice nor direct the particular manner in which such notice shall be served it does contain the explicit statement that the notice must be from the landlord. In the case at bar the notice itself does not contain anything showing it emanated from the landlord, who is the only person, under the statute, qualified to give an effective notice. It is simply a notice from an attorney without the employment of any words indicating that he is acting for or in behalf of the landlord. In (2) the absence of any statement to that effect in the notice itself, the court cannot assume that the attorney in affixing his own signature thereto was acting for the plaintiffs. Nor can the plaintiffs be permitted to supply the omission by oral testimony. The notice becomes effective, if at all, at (3) and from the time of its service. If the notice is insufficient and worthless the defendant has a perfect right to disregard it and to govern himself in the same manner as he would have done had no attempt been made to notify him. It would be manifestly unjust to the defendant to serve him with a notice which he was not bound to heed and then make it good by oral testimony at the trial. We do not mean to say that in our opinion the statute requires that the landlord

should personally affix his signature to the notice, but we (4) think that the signing should be in some form clearly indicating that the notice originated with the landlord. *Eaton* v. *The Supervisors of Manitowoc County,* 42 Wis. 317.

The plaintiffs argue that a notice to terminate a tenancy is sufficient if it conveys to the other party the information that the tenancy is to end, and in support of that contention they cite the case of *Cranston Print Works* v. *Whalen,* 27 R. I. 445, calling particular attention to that portion of the opinion in which the court said: "The statute requires written notice to terminate a letting from month to month, but does not prescribe either the form of the notice nor any particular mode in which it must be served." We do not see anything in that case or in the words of the opinion particularly referred to which has any bearing upon the question presented to us in the case at bar. It is true that the statute does not prescribe any form of notice or any particular mode of service, but it does prescribe that the notice shall be from the landlord. In the Cranston Print Works case, *supra,* the court said: "It seems to be very plain that all that is required in the notice is that the landlord shall take the proper means to inform the tenant that the tenancy is at an end." From the notice in the case at bar it does not appear that the landlord is in any way responsible for the notice given.

We hold, therefore, that the notice of the plaintiffs to the defendant was not a sufficient compliance with the statute. The defendant's exceptions are sustained. Inasmuch as the conclusions which we have reached are determinative of the whole case, the plaintiffs may, if they see fit, appear before this court on Monday, December 22, 1913, at ten o'clock A. M., and show cause, if any they have, why this case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*John C. Quinn, Peter W. McKiernan,* for plaintiffs.
*Frank H. Wildes,* for defendant.