INDUSTRIAL TRADE UNIONS OF AMERICA *vs.* RAY METAYER, *d. b. a.* STADIUM GARAGE.

MAY 27, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass and ejectment which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. Defendant duly excepted to that decision and has prosecuted his exception to this court.

We are of the opinion that his exception must be sustained. In view of the ground on which we find that the trial justice erred in his decision, a somewhat detailed statement of the travel of the case will be helpful.

The case was commenced in the district court of the

twelfth judicial district at Woonsocket by a writ of trespass and ejectment which included the plaintiff's declaration of his cause of action. The writ was sued out and served upon the defendant in the name of Industrial Trade Unions of America as plaintiff. In that form it was returned and entered in such district court on October 21, 1942, and ordered continued to October 28, 1942. On that date defendant, by his attorney, submitted to decision for the plaintiff, claimed an appeal to the superior court and filed an appeal bond in compliance with general laws 1938, chapter 525, § 9. This bond ran to Industrial Trade Unions of America as obligee without further description and exactly as plaintiff described itself in its writ.

Upon the filing of the bond and the approval thereof by the justice of the twelfth judicial district court the papers in the case were duly certified to the superior court. Thereafter, on November 16, 1942, over defendant's objection, a justice of the latter court, on plaintiff's motion, substituted as plaintiff I. T. U. Club, Inc. No motion was made to change the name of the obligee on the appeal bond and no bond in the name of the substituted plaintiff as obligee was ever ordered or filed. In this state of the record, the case was heard on its merits in the superior court on December 15, 1942.

It was alleged in plaintiff's declaration "that the said defendant at said Woonsocket, heretofore, to wit, on or before the 1st day of October A. D. 1942, hired of the plaintiff a certain tenement there situate, being the premises used as a garage at number 126 Clinton Street situate in said Woonsocket, under a tenancy at will then next ensuing, and thereupon entered into and occupied said premises during the said term, said tenancy having expired by its terms with proper notice to the defendant. Yet the said defendant holds over his said term and refuses to surrender said premises to the plaintiff, but with force and arms wrongfully holds it out of possession thereof." It developed from the

evidence adduced at the trial that the premises in question were not number 126 Clinton street but number 122. On plaintiff's motion and over defendant's objection, the writ and declaration were amended to conform to such proof.

The notice to quit and the service thereof upon the defendant were proved by the introduction into evidence of a copy of a letter in the following form:

"I. T. U. Club, Inc.

August 26, 1942

Mr. Raymond Metayer,
126 Clinton Street,
Woonsocket, R. I.

Dear Sir:

This is to inform you that the I. T. U. Club has subleased the ground floor of its building with entrance on 122 Clinton Street to Mr. Henry Lavallee.

We are, therefore, requesting that you vacate these quarters on or before the 30th of September, 1942, so that Mr. Lavallee may take possession of it.

We hope that this is adequate time for moving.

Very truly yours,

Eugene Thibeault,
Secretary, I. T. U. Club."

It appeared from the evidence that such notice was properly served upon the defendant personally by leaving with him the original. But it does not appear that defendant ever received any notice to quit from Industrial Trade Unions of America or that it otherwise communicated with him before bringing its action against him.

The evidence further shows that the defendant hired the premises at numbers 122 and 126 Clinton street from Isolina and Joseph Di Pardo, plaintiff's predecessor in title, at a monthly rent of $130; that he continued to occupy the premises after September 6, 1941, when they disposed of their interest to I. T. U. Club, Inc.; that on September 30, 1941 he paid the Di Pardos rent for that month; that on November 1, 1941 he paid the October rent and on December 1, 1941, the November rent to I. T. U. Club, Inc.; and that thereafter he paid said club the monthly rent of $95 for

number 122 Clinton street, he having surrendered number 126 to the club sometime in December 1941. The club continued to collect·this rent from the defendant during 1942, even after the above-quoted letter of August 26, 1942 had been sent, and also after suit was brought.

Defendant contends that this demand for and acceptance of rent by plaintiff club after it had notified defendant to quit vitiated plaintiff's action and required a decision in his favor. Whatever merit, if any, there may be in this contention we need not consider, in view of the great number of defects in these proceedings, which we shall presently mention, and on one of which especially we shall rest our decision.

In the first place the action does not seem to have been commenced in a legal and proper manner. On the face of the writ Industrial Trade Unions of America does not appear to be a corporation and therefore has no standing, as a legal entity, to initiate an action in our courts. Furthermore, the writ which it sued out against the defendant is not founded upon a notice from it to the defendant. Also in the writ the defendant is alleged to be a tenant at will and a tenant for hire for a definite term.

In this confused state, the case was certified, on appeal, from the district court to the superior court. In that court a new plaintiff, I. T. U. Club, Inc., was substituted in the place of the Industrial Trade Unions of America, but nothing was done about the appeal bond. Thereafter the case was in this anomalous condition: The plaintiff in the superior court was a corporation, namely, I. T. U. Club, Inc., while the bond, which was a prerequisite to the case being in that court at all, ran to Industrial Trade Unions of America as plaintiff. Neither the court nor counsel seems to have noticed this incongruity and the case proceeded to trial and a decision on the merits.

Whether any of the errors above set forth is properly before us on defendant's exception to the trial justice's de-

cision, or whether some of them are jurisdictional and thus cognizable here *sua sponte,* we need not determine because we find in the trial justice's decision on the undisputed evidence a clear error that requires the sustaining of defendant's exception.

The trial justice said, in announcing his decision, that it made no difference whether defendant was a tenant at will, as alleged in the declaration, or was a tenant from month to month, as it appeared from the evidence, because in either case he had received a proper notice to quit. If the defendant was a tenant from month to month he was entitled to a notice to quit on the day succeeding the last day of his term. On the evidence we find that he had attorned to I. T. U. Club, Inc. after it had purchased the premises from the Di Pardos and that the club had accepted him as their tenant of numbers 122 and 126 Clinton street on the same terms as he had held them under the Di Pardos, and that later, after surrendering number 126, he became the club's tenant of number 122 alone under a new letting from month to month at the rent of $95 a month. As such a tenant he was entitled on August 26, 1942 to a notice to quit on a date not earlier than October 1, 1942. If we assume that the above-quoted letter of the secretary of the club, dated August 26, 1942, was otherwise good as a notice to quit from the landlord, it was, nevertheless, fatally defective because it ordered defendant to quit on the last day of his term. Under the law as decided by this court the quittance day designated in the notice should correspond with the day of the commencement of the defendant's term and not with the day of its termination. *Waters* v. *Young,* 11 R. I. 1; *Nass* v. *Garniss,* 44 R. I. 162.

Defendant's exception is, therefore, sustained and the decision of the trial justice is reversed. Plaintiff may appear before this court on June 7, 1943, and show cause, if any it has, why the case should not be remitted to the superior

court with instructions to enter judgment for the defendant.

*Irving I. Zimmerman,* for plaintiff.

*John R. Higgins, Higgins & Silverstein,* for defendant.