ANGELO DeLUCA *vs.* JOSEPH CINIMA, *d.b.a.* JOSEPH CINIMA DAIRY.

FEBRUARY 19, 1947.

PRESENT: Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass and ejectment. In the superior court, at the conclusion of all the evidence, the trial justice directed a verdict for the plaintiff and the defendant thereafter duly prosecuted his bill of exceptions to this court.

This action was brought to recover possession of certain business property in Providence, in this state, the plaintiff's contention being that the defendant was a tenant thereof from month to month. The combined writ and declaration contained, as the basis for the action, merely the allegation

that the plaintiff was seized in fee simple of the said premises and that on August 13, 1945 by a notice in writing the plaintiff had ordered the defendant to quit, vacate and deliver them up to him on September 1, 1945, but that he had wrongfully detained possession of the same.

The defendant is pressing three exceptions and expressly waives all the others. At the start of the trial in the superior court, and before any testimony was taken, the plaintiff's attorney moved that he be permitted to amend the writ by changing the name of the plaintiff from Anthony DeLuca to Angelo DeLuca. After argument the trial justice granted the motion, relying for his ruling on the provisions of §3, chapter 518, general laws 1938. His action in this connection is the ground of the defendant's first exception. In view of the disposition which we are making of the defendant's second and third exceptions it is not necessary, in our opinion, for us to pass upon the validity of his first exception. For the purposes of this case, therefore, we will assume, without deciding, that the granting of the motion to amend was, under all the circumstances, a proper ruling.

After the above amendment was made Angelo DeLuca was sworn as a witness and, among other things, testified in substance that he was the plaintiff in this case; that in 1940 when the defendant as tenant went into possession of the disputed premises and prior to that date he, the plaintiff, owned said premises; that thereafter he was in the army for over three years, being overseas for a considerable period; that after his discharge from the army he desired the possession of the premises for his own use; and that he was the owner of such premises at the time he was testifying. In cross-examination the witness also testified that when the present action was brought he was the owner of the disputed premises; that he had not conveyed them to anyone while the case was pending and he repeated the statement that he still owned them.

While Angelo DeLuca was on the witness stand his attorney offered in evidence a carbon copy of a notice to quit,

dated August 10, 1945. The notice was signed in the following manner: "Very truly yours Anthony DeLuca By his Attorney". This notice was admitted in evidence by the trial justice and was marked plaintiff's exhibit 1. A return receipt of registered mail, which was identified as referring to the above notice and which was signed with the defendant's name, was also admitted in evidence and marked plaintiff's exhibit 2. Both of these exhibits were admitted over the defendant's objection, and the action of the trial justice in so doing forms the basis of defendant's second and third exceptions.

It appears from the transcript that Angelo DeLuca and Anthony DeLuca are different persons and that Anthony is Angelo's brother. The undisputed evidence is that Angelo DeLuca was the owner and landlord of the premises at the time this action was commenced, at the time the notice was given and for a considerable period prior thereto. There is nothing to show that Anthony DeLuca, who, by his attorney, signed the notice to quit, had any interest whatsoever therein or any authority from Angelo to give such notice. Anthony DeLuca was not called as a witness in this case.

The plaintiff Angelo DeLuca contends that the fact that the notice to quit, which was sent to the defendant, was signed by Anthony DeLuca constituted merely a misnomer in respect to the first name of the giver of the notice and did not mislead the defendant or void the notice, which was otherwise proper. He relies on *Congdon* v. *Brown,* 7 R. I. 19. There it appeared that in a trespass and ejectment case the notice, in describing the property involved, located it on a wrong street. The notice which was given by the landlord was otherwise good in every respect. The court, at page 21, said: "Though there be an error of description, still, if there be enough in the notice to show, with reasonable certainty, that the premises in question were the premises with respect to which the notice was given, and the error is not adapted to mislead, the notice will be deemed sufficient."

In our opinion the above case is clearly distinguishable.

In that case there was merely a misdescription in the location of the property, which error the court held could not under the circumstances have misled the tenant. However, the notice in the instant case was given by one who was not the landlord and who apparently had no interest in or connection with the property.

The defendant contends that to be valid the notice to quit must be from the landlord; that the signing should be in some form clearly indicating that the notice originated with him; and that the notice in the present case fails to meet that test. The defendant cites *Leite* v. *Croveiro*, 36 R. I. 62, and *Comstock* v. *Cavanagh*, 17 R. I. 233, as supporting his position. Both of these cases are subsequent to the case relied on by the plaintiff. In the *Leite* case the court, at page 64, stated: "While the statute does not prescribe any particular form of notice nor direct the particular manner in which such notice shall be served it does contain the explicit statement that the notice must be from the landlord. In the case at bar the notice itself does not contain anything showing it emanated from the landlord, who is the only person, under the statute, qualified to give an effective notice. It is simply a notice from an attorney without the employment of any words indicating that he is acting for or in behalf of the landlord. In the absence of any statement to that effect in the notice itself, the court cannot assume that the attorney in affixing his own signature thereto was acting for the plaintiffs. Nor can the plaintiffs be permitted to supply the omission by oral testimony."

General laws 1938, chap. 453, §4, the statute now in force, is similar to the one referred to in the above opinion and reads as follows: "Tenants by parol of lands, buildings, or parts of buildings, for any term less than a year, shall quit at the end of the term upon notice in writing from the landlord given at least half the period of the term, not exceeding in any case 3 months, prior to the expiration of the term." In the *Comstock* case, however, the statute then in force was

slightly different from the present statute in that it required notice to be "from the lessor or owner".

The decisive question here is whether the present statute providing for the giving of notice to quit has been complied with, and not whether the defendant has been misled by the notice given. Upon consideration we are of the opinion that this case is governed by the opinion in *Leite* v. *Croveiro, supra,* and that the notice to quit relied on by the plaintiff is, under all the circumstances, insufficient and invalid, in that it does not clearly indicate that it emanated from the landlord as is required by the statute. Since the statute was not followed in the above respect, the trial justice was in error when he admitted in evidence as exhibits the notice to quit and the registered receipt connected therewith. Defendant's second and third exceptions are sustained.

In our judgment this holding is decisive of the case. As already pointed out, the present declaration rests solely on the allegation that the defendant, as tenant of the premises in question, was given a proper notice to quit. Since that essential element in the plaintiff's proof is entirely lacking, it follows that he has failed to make out his case.

The plaintiff may appear before this court, on March 5, 1947, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*Aram A. Arabian,* for plaintiff.

*Stephen A. Fanning,* for defendant.