## FORECASTER OF BOSTON, INC.

v.

## WOONSOCKET SPONGING CO.

### No. 83–506–Appeal.

Supreme Court of Rhode Island.

March 14, 1986.

Larry Dub, Gordon & Levitt, Providence, for plaintiff.

Michael A. Kelly, Adler, Pollock & Sheehan, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal from a judgment of the Superior Court granting the motion of the defendant to dismiss the second amended complaint of the plaintiff on the ground that it failed to state a claim upon which relief could be granted pursuant to the provisions of Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. We reverse.

The second amended complaint of Forecaster of Boston, Inc. (Forecaster) consisted of five counts. For our purposes, an analysis of each count is unnecessary, but we shall set forth the gist of the first count upon which all other counts depend. Generally, Forecaster alleged that it had purchased from Hayward-Schuster Woolen Mills, Ltd. (Hayward-Schuster) 1,400 yards of woolen fabric and 19,000 yards of woolen material that were sent to Woonsocket Sponging Company (Woonsocket) for certain sponging work to be performed in readying the fabric and material for further steps in the manufacturing process. The complaint states that Forecaster paid to a factor the full amount of the various invoices pertaining to these purchases and that Hayward-Schuster has paid to Woonsocket all sums due on account of the finishing work for these woolen fabrics. The complaint further alleges that in spite of this payment, Woonsocket proposed to sell the goods pursuant to the Rhode Island Textile Processors Lien Statute, G.L. 1956 (1984 Reenactment) chapter 29 of title 34. Nothing contained in the complaint would disclose any set of facts upon which the applicability of the lien statute could be determined.

In support of its Rule 12(b)(6) motion, Woonsocket, by representation of counsel, asserted to the motion justice that Hayward-Schuster had gone into bankruptcy and owed moneys to Woonsocket that had not been paid. These facts had also been disclosed in connection with a prior hearing on preliminary injunction before another justice of the Superior Court.

We have stated in *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 12, 227

A.2d 582, 584 (1967), that in considering a motion to dismiss pursuant to Rule 12(b)(6), no complaint will be deemed insufficient unless it is clear beyond a reasonable doubt that the plaintiff will be unable to prove his, her, or its right to relief, that is to say, unless it appears to a certainty that he, she, or it will not be entitled to relief under any set of facts that might be proved in support of the plaintiff's claim. In determining this question, the complaint must be construed in the light most favorable to the plaintiff with all doubts resolved in his, her, or its favor and the allegations accepted as true. *Id.* In addition, vagueness, lack of detail, conclusionary statements, or failure to state facts or an ultimate fact, or facts sufficient to constitute a cause of action are not generally in and of themselves fatal defects. *Id.*

The foregoing statement of the rule relating to motions to dismiss has been faithfully followed by this court in subsequent cases. *E.g., Roch v. Garrahy,* 419 A.2d 827 (R.I.1980); *Romanello v. Maguire,* 122 R.I. 171, 404 A.2d 833 (1979); *Dutson v. Nationwide Mutual Insurance Co.,* 119 R.I. 801, 383 A.2d 597 (1978); *Rosen v. Restrepo,* 119 R.I. 398, 380 A.2d 960 (1977).

██ Under this rigorous standard, it is apparent that the trial justice could not take into account matters raised by the defendant that were not disclosed on the face of the complaint. Such assertions as the bankruptcy of Hayward-Schuster and an outstanding indebtedness between that firm and Woonsocket cannot be inserted into the record by means of counsel's representation. An examination of the complaint itself does not set forth any matter on the face thereof which, if viewed in the light most favorable to the plaintiff, would establish beyond a reasonable doubt that under no set of facts that might be proven in support thereof might a claim be made upon which relief could be granted. Consequently, the granting of a motion to dismiss under these circumstances was erroneous.

For the reasons stated, the appeal of the plaintiff is sustained, and the judgment dismissing the complaint with prejudice is hereby vacated. The papers in the case may be remanded to the Superior Court for further proceedings.