**Charles G. TATE**

v.

**PETER CHARLES REYNOLDS, INC.,
d/b/a The Carriage Trade.**

No. 92–304–Appeal.

Supreme Court of Rhode Island.

March 18, 1993.

Stephen C. Mackie, Providence, for plaintiff.

Douglas Giron, Hinckley, Allen, Snyder & Comen, Providence, for defendant.

OPINION

PER CURIAM.

This case came before this court on March 2, 1993, pursuant to an order directing both parties to appear and show cause why this appeal should not be summarily decided.

The defendant, Peter Charles Reynolds, Inc., d.b.a. The Carriage Trade, appeals from a Superior Court judgment against it in the amount of $58,103.72. The matter before us is a dispute between plaintiff, Charles G. Tate, a landlord, and defendant, a tenant, which was initially heard in District Court. In its appeal defendant questions the validity of two notices to quit served by plaintiff and upheld by the trial court. The defendant also disputes the trial justice's conclusion that the property's fair-market rental value was $5 per square foot.

During September and October 1984 the parties disagreed over an increase in the rent. On February 13, 1985, plaintiff served notice on defendant, demanding that defendant quit the premises on or before March 1, 1985. The notice to quit was signed "C.G. TATE COMPANY" (company) by its attorney. The notice represented that the company was the "landlord and owner." One month later plaintiff sent defendant a second notice to quit as of April 1, 1985. It was signed "CHARLES TATE" by his attorney.

On appeal from the District Court, the Superior Court ruled that plaintiff's attempts to increase the rent were ineffective. Thus defendant had fully paid the rent through February 1985. The court further held that the initial notice to quit was valid and that the tenancy was therefore terminated on March 1, 1985. Accordingly the trial justice ruled that thereafter defendant was a trespasser and plaintiff was entitled to recover the reasonable value for defendant's use and occupancy until it actually quit the premises. The court found that the fair-market rental value was $5 per square foot and awarded the corresponding amount of damages and prejudgment interest.

 On appeal defendant asserts that the February 1985 notice to quit was facially defective because it did not indicate that an agent was acting on behalf of the landlord. The statute governing notices to quit, G.L.1956 (1984 Reenactment) § 34-18-4, has been construed in two cases that support defendant's position. The defendant cites *DeLuca v. Cinima*, 72 R.I. 346, 51 A.2d 369 (1947), and *Leite v. Croveiro*, 36 R.I. 62, 89 A. 20 (1913), in its argument. In *Leite* the court noted that the statute contained "the explicit statement that the notice must be from the landlord." 36 R.I. at 64, 89 A. at 20. The *DeLuca* court emphasized that when a notice to quit comes from a source other than the landlord, the important factor is whether the statute has been complied with and not whether the tenant has been misled by the notice given. 72 R.I. at 350, 51 A.2d at 370-71. Therefore, we agree with defen-

dant and hold that the trial justice erred in concluding that the February 1985 notice to quit was valid. The second notice to quit contained the landlord's name. Thus it complied with the provisions of § 34-18-4 because it clearly indicated that it emanated from the landlord. *See id.*

We grant the defendant's appeal on the first notice to quit and reverse the trial justice. We deny the defendant's appeal and affirm the findings of the trial justice with respect to the second notice to quit and the fair-market rental value of the property. Damages shall be recalculated to begin on April 1, 1985.

After hearing the arguments and considering the memoranda of the parties, we are of the opinion that cause has not been shown. The defendant's appeal is sustained in part and denied in part. The judgment of the Superior Court is reversed in part and affirmed in part. The matter is remanded to the Superior Court for modification pursuant to this opinion.