Lawrence W. JAMISON, Jr.

v.

Paul LABROSSE d.b.a. Ocean State Carpentry.

No. 92–509–Appeal.

Supreme Court of Rhode Island.

July 12, 1993.

Teresa M. Donahue, Mackie, McDonald & Romano, Providence, for plaintiff.

David Szerlag, John Reilly & Associates, Warwick, for defendant.

## OPINION

**PER CURIAM.**

This case came before this court for oral argument on June 15, 1993, pursuant to an order directing the plaintiff, Lawrence W. Jamison, Jr., to show cause why his appeal should not be denied and dismissed. After reviewing memoranda submitted by the parties and after hearing oral arguments by counsel, we are of the opinion that cause has not been shown.

The plaintiff appeals from final judgment for defendant, Paul Labrosse d.b.a. Ocean State Carpentry, in Superior Court on defendant's motion for summary judgment, following defendant's successful motion for summary judgment in District Court.[1]

The plaintiff's minor son was injured when he fell while climbing out of a dumpster rented by plaintiff for the purpose of depositing debris left on plaintiff's property by defendant and other workers.

The plaintiff contends that the injury to his son was foreseeable under our holding in *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222 (R.I.1987). This court has held "that negligence is the breach of a duty the existence of which presents a question of law." *Pelletier v. Kurdziel*, 508 A.2d 647, 648 (R.I.1986). In the instant case we agree with the trial justice who made a judgment as a matter of law in determining

that the injury to the minor son was beyond the scope of foreseeability, and that no duty was owed by the defendant. The causal relationship between the debris left about by the defendant and the minor's falling from the dumpster is remote. The plaintiff's own actions in obtaining the dumpster and his son's climbing into it broke any chain of causation.

Therefore, the plaintiff's appeal is denied and dismissed, and we affirm the judgment of the Superior Court.

---

1. This opinion addresses the merits of the appeal, *not the issue of whether notice of appeal was timely filed.* The time stamp on final judgment as well as the date on the docket event-listing sheet—both May 5, 1992—conflict with a handwritten date below the trial justice's stamped signature on the final judgment—May 16, 1992. *The former date exceeds the time limit for filing an appeal from final judgment. For purposes of this opinion, we assume the notice of appeal was timely filed.*