**BUILDERS SPECIALTY COMPANY**

v.

**Robert R. GOULET et al.**

**No. 93–223–Appeal.**

Supreme Court of Rhode Island.

March 23, 1994.

Louis M. Pulner, Providence, for plaintiff.

Holly Rao, Hagop Jawharjian, Olenn & Penza, Warwick, for defendant.

PER CURIAM.

This matter came before this court on March 1, 1994, pursuant to an order requiring the plaintiff to appear and to show cause why its appeal should not be summarily decided.

The plaintiff, Builders Specialties Company (Builders), appeals from a Superior Court order granting defendants' motion to dismiss according to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The defendants are Robert R. Goulet (Goulet) and We Try Harder Leasing Company, Inc., alias, Aluminum Company of America, also known as ALCOA Building Products, alias (ALCOA).

In its complaint Builders alleges the following: On or about August 2, 1989, Victor Girard (Girard) was employed by Builders. On that date Goulet operated a motor vehicle with the permission of the owner-defendant, We Try Harder Leasing Company, Inc. Goulet was operating the vehicle within the scope of his employment for his employer ALCOA, while upon property that Builders owned. Builders alleged that Goulet operated his motor vehicle negligently, causing it to collide with Girard. As a result of the accident Girard was severely injured, and those injuries caused him to be absent from work for an indefinite period. In its complaint Builders alleges that as a result of the injuries to its employee, Girard, it sustained financial losses in the form of pension contributions on his behalf, increased workers' compensation insurance premiums, and other related costs.

When this court reviews a trial justice's granting of a Rule 12(b)(6) motion, we examine the "allegations contained in the plaintiff's complaint, assume[ ] them to be true, and view[ ] them in the light most favorable to the plaintiff." *Ellis v. Rhode Island Public Transit Authority*, 586 A.2d 1055, 1057 (R.I.1991). A Rule 12(b)(6) motion should be granted when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to relief under any set of facts provable under the complaint. *Id.*

It is well settled that in order for a plaintiff to recover in a negligence action, he or she must prove (1) a duty or an obligation owed by the defendant, (2) a breach of that duty, (3) proximate causation, and (4) damages. *Atlantic Home Insulation, Inc. v. James J. Reilly, Inc.*, 537 A.2d 126, 128 (R.I.1988). As a general rule the existence of a duty is a question for the court and not for the jury. *Banks v. Bowen's Landing Corp.*, 522 A.2d 1222, 1224 (R.I.1987). We have stated that foreseeability is a factor to be considered when evaluating whether a duty exists. *Id.* at 1225.

Builders argues that tort liability should extend to ALCOA for moral, economic, and administrative reasons; however, we refuse to indulge in crystal ball gazing. *See generally D'Ambra v. United States*, 114 R.I. 643, 338 A.2d 524 (1975). Although ALCOA may have a duty with regard to placing a responsible driver at the helm of its vehicles, we believe that the conduct of Goulet was not reasonably foreseeable in producing the damages that Builders sustained. We do not wish to extend the scope of tort liability to include an employer's business losses associated with bodily injury to an employee. Such an expansion could lead to devastating results which could only be dimly perceived and would be practically unlimited. The "risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others *within the range of apprehension * * *.*" (Emphasis added.) *Palsgraf v. Long Island Railroad Co.*, 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928); *see also Banks*, 522 A.2d at 1227. We agree with the trial justice that as a matter of law the injuries sustained by Builders were "beyond the scope of foreseeability, and that no duty was owed by [the defendants]." *Jamison v. Labrosse*, 627 A.2d 852, 853 (R.I.1993). The damages alleged by Builders are costs associated with doing business.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, this court concludes that cause has not been shown. The plaintiff's appeal is

therefore denied and dismissed, and the judgment appealed from is affirmed.