Walter R. SIMPSON, Jr.

v.

George A. VOSE, Jr., et al.

No. 96–585–Appeal.

Supreme Court of Rhode Island.

Oct. 23, 1997.

Walter R. Simpson.

Michael B. Grant, Pawtucket.

## ORDER

This case came before the Supreme Court on October 8, 1997, pursuant to an order that directed Walter R. Simpson, Jr., the plaintiff, to show cause why the issues raised by his appeal should not be summarily decided. The plaintiff has appealed pro se from a Superior Court order that granted the motion to dismiss for failure to state a claim, which motion was made by the defendant, George A. Vose, Jr. (Vose).

Following a hearing and review of the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The plaintiff is an inmate at the Maximum Security section of the State Adult Correctional Institutions (ACI), and Vose is the Director of the Department of Corrections for the State of Rhode Island. The plaintiff has alleged that defendant and his agents arbitrarily and capriciously denied several of his furlough applications, thereby violating his Eighth and Fourteenth Amendment Rights under the United States Constitution. The Superior Court granted defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Super.R.Civ.P. 12(b)(6), from which plaintiff sought declaratory and injunctive relief.

The plaintiff filed a timely notice of appeal rather than a petition for issuance of a writ of certiorari as required by R.I.G.L. 42–56–16. Because of his pro se status, however, we shall overlook this procedural error and address the merits of the appeal.

A defendant's 12(b)(6) motion is granted when it is clear beyond a reasonable doubt that plaintiff would not be entitled to relief under any set of facts provable under the complaint. *Builders Specialty Company v. Goulet*, 639 A.2d 59, 60 (R.I.1994). In reviewing the granting of such a motion, this court examines the allegations contained in the plaintiff's complaint, assumes them to be true, and views them in the light most favorable to the plaintiff. *Id.*

In the instant case, plaintiff contended that defendant wrongfully denied his furlough applications by relying on Department of Corrections Policy Rule No. 5.06.04–2, which plaintiff contended was adopted in violation of the requirements of notice and opportunity to be heard under the R.I. Administrative Procedures Act, and thereby denied plaintiff his right to due process. We disagree.

The right to notice and an opportunity to be heard attaches when a new rule or an amendment is being promulgated, R.I.G.L. 42–35–3, not to statements concerning the internal management of an agency, R.I.G.L. 42–35–1(h). Technical revisions to the then-existing inmate furlough Rule No. 5.06.04–1 were filed and subsequently adopted as the rule to which plaintiff objects. Because the revisions do not constitute a new rule or an amendment, no right to notice or a hearing attached.

The plaintiff further argued that the new rule contained substantially new criteria, restrictions, and exclusions affecting "private rights ... available to the public" which he contended were to his detriment, citing R.I.G.L. 42–35–1(h). It is well-settled, however, that an inmate has no right to furloughs. The plaintiff mistakenly interpreted the old rule as providing inmates with the right or entitlement to be granted or denied furloughs. Both the prior and the revised furlough regulations clearly state that "furlough is a privilege, not a right."

The furlough statute specifically grants to the director of the Classification Board of the Rhode Island Department of Corrections unfettered discretion in granting a furlough. R.I.G.L. 42–56–18. The statute does not create an entitlement to a furlough. A protect-

ed liberty interest would arise if the state placed substantive limits on official discretion, thereby requiring a particular outcome to be reached when relevant criteria are met. *Bishop v. State*, 667 A.2d 275, 278 (R.I.1995). Because no such limits restrict defendant's discretion to grant a furlough, no protected interest arises. Therefore, the decision to dismiss for plaintiff's failure to state a claim was not arbitrary or capricious.

Therefore, we deny and dismiss the plaintiff's appeal and affirm the judgment of the Court, to which we remand the papers in the case.