DECISION
Before the Court is the defendants', Women Infants Hospital of Rhode Island and Philip Schoenfeld, M.D., motion for judgment as a matter of law. Following a jury trial in which the defendants prevailed, the defendants timely renewed their motion for judgment as a matter of law pursuant to R.C.P. 50 (b). The plaintiffs object to the defendants' post-trial motions.
This case arises out of an alleged wrongful death claim brought on behalf of Ms. Beatrice Toe and her unborn daughter. Eight months pregnant and in pain, Ms. Toe sought treatment with Women Infants and Dr. Schoenfeld, a resident in obstetrics. After inconclusive tests, the hospital released Ms. Toe. Unfortunately, her condition worsened, and she sustained a cardiac arrest in the rescue squad en route back to the hospital. At the hospital, she underwent an emergency ceasarean section which revealed a ruptured uterus. As a result, mother and fetus died.
The estate brings suit seeking economic losses recoverable for wrongful death under G.L. 1956 § 10-7-1. David Fortuma joined the action, alleging he is the father of the deceased fetus and claiming a loss of society and companionship of his unborn daughter pursuant to G.L. 1956 § 10-7-1.2. The plaintiffs argue that defendants were negligent in treating Ms. Toe and releasing her without a diagnosis.
In considering a motion for judgment as a matter of law, the trial justice must analyze the evidence "in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[ing] from the record all reasonable inferences that support the position of the nonmoving party." DeChristofaro v. Machala, 685 A.2d 258, 262 (R.I. 1996). Under Rule 50 (b), a party may renew a motion for judgment as a matter of law which was denied or not granted at the close of the evidence if it is renewed within 10 days after entry of judgment. "If a verdict was returned, the court may, in disposing of the renewed motion, allow the judgment to stand or may reopen the judgment and either order a new trial, or direct the entry of judgment as a matter of law." R.C.P. 50 (b).
The rule's use of the word "may" is significant; it does not absolutely require the trial court to enter judgment as a matter of law even in a situation wherein a court might be persuaded that it erred in failing to direct a verdict for the losing party. Cone v. West Virginia Paper Co., 330 U.S. 212, 215 (1947). Thus, the trial justice may use her discretion in choosing either to allow the judgment to stand or to reopen the judgment. Id. See
Wright and Miller, Federal Practice Procedure, § 2533 at 318 ("the trial judge is not required to grant judgment as a matter of law even in a case in which it has the power to do so").
In the instant case, the jury found for the defendants. After entry of the judgment, the defendants renewed their Rule 50 motion, asking the court to find that the defendants were entitled to judgment as a matter of law. The defendants first attack the validity of the plaintiffs' negligence claim. The defendants emphasize that the plaintiffs' expert testified conclusively that the defendants could not have foreseen Ms. Toe's uterine rupture. As no duty is owed by a defendant when the injuries are beyond the scope of foreseeability, Jamison v.Labrosse, 627 A.2d 852, 853 (R.I. 1983), the defendants argue that they were not negligent as a matter of law. The Court is satisfied from its review of the trial evidence that there were substantial issues of material fact, not all of which were so undisputed as to warrant a preliminary finding of no duty. Consequently, those preliminary fact determinations were submitted to the jury for their determination in accordance with this Court's instructions, which permitted the jurors upon resolving the factual disputes to determine that no duty existed. Accordingly, this Court approves the verdict and denies the defendants' motion for judgment as a matter of law.
Additionally, the defendants ask for judgment as a matter of law on the economic loss and loss of society claims. As these claims are derivative to the negligence claim, this Court declines to rule on these motions as the verdict has rendered same moot.
Counsel shall submit the appropriate judgment for entry.