DECISION
This matter comes before the Court on defendants' Motion to Dismiss. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 12(b)(6).
The plaintiff filed a Petition to Enforce Mechanic's Lieu pursuant to G.L. 1956 § 34-28-13. The plaintiff claims that defendants owe $7,344.00 plus interest for work completed and materials furnished by plaintiff to defendants in the construction, erection, alteration, and reparation of the property identified as 55 Copper Beech Drive, Portsmouth, Rhode Island.
The sole function of a 12 (b)(6) motion is to challenge the sufficiency of the complaint. Goldstein v. Rhode Island Hosp.Trust Nat'l Bank, 110 R.I. 580, 585, 296 A.2d 112, 115 (1972) (citing Palazzo v. Big G. Supermarkets, Inc., 110 R.I. 242,292 A.2d 235 (1972)). The trial justice assumes that the allegations in the complaint are time, and views them in the light most favorable to plaintiff. Builders Specialty Co. v. Goulet,639 A.2d 59, 60 (1994) (citing Ellis v. Rhode Island Pub. TransitAuth., 586 A.2d 1055, 1057 (1991)). "A Rule 12 (b)(6) motion should be granted when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to relief under any set of facts provable under the complaint." Id. Generally, "vagueness, lack of detail, conclusionary statements, or failure to state facts or an ultimate fact, or facts sufficient to constitute a cause of action" are not in and of themselves fatal defects.Forecaster of Boston. Inc. v. Woonsocket Sponging, Co.,505 A.2d 1379, 1380 (1986).
The defendants argue that plaintiff is required to strictly comply with all the provisions of the Mechanics' Liens statute. The defendants assert that plaintiff's Petition to Enforce Mechanic's Lien fails to include the specific dates for providing the materials. The plaintiff filed a Notice of Intention on October 19, 1998. In order to be afforded the protection of the 120 day rule of § 34-28-4, plaintiff had to deliver the work or materials to defendants by June 19, 1998. However, the materials were provided to defendants on May 1, 1998, as admitted by plaintiff in its response to defendants' Request for Admission and Request for Production. Additionally, defendants paid $168.30 on July 23, 1998, but the parties agree that the payment was not part of defendants' outstanding account. Although plaintiff filed a previous Notice of Intent on May 6, 1998, plaintiff authorized its release via a letter dated May 14, 1998.
The plaintiff contends that the basis for defendants' Motion to Dismiss is plaintiff's failure to file its Notice of Intention within 120 days after furnishing the materials. However, plaintiff claims that defendants assert factual information outside the scope of the pleadings in support of their Motion to Dismiss. As such, the information is not properly addressed in a motion to dismiss. Furthermore, defendants fail to cite a specific subsection in their Motion to Dismiss as grounds for dismissal.
Although defendants fail to specifically cite a section of R.I. Super. R. Civ. P. 12 (b) as a basis for their Motion to Dismiss, a reading of defendants' motion and memorandum adequately informs both plaintiff and the Court that the defendants filed a 12 (b)(6) motion. Pursuant to R.I. Super. R. Civ. P. 12 (b)(6), failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." As defendants are asking this Court to consider evidence outside the four corners of plaintiffs Petition to Enforce Mechanic's Lien, the Court is converting defendants' Motion to Dismiss into a Motion for Summary Judgment. See St. James Condominium Ass'n v. Lokey,676 A.2d 1343 (R.I. 1996). Accordingly, all parties shall be given the opportunity to present all pertinent material to the Court, R.I. Super. R. Civ. P. 12 (b)(6).
Counsel shall prepare the appropriate order for entry.