DECISION
This matter comes before the Court on the following motions: plaintiffs Motion to Accelerate Trial Calendar, Motion to Take an Out-of-State Depositions and Application for Default and Entry of Judgment; and defendant's Motion to Stay Procecdings Pending Arbitration and Motion to Dismiss. Jurisdiction of this Court is pursuant to R.I. 1956 § 9-2-18.1, § 9-18-5, § 10-3-2, § 10-3-3 and R.I. Super. R. Civ. P. 12(b)(6), 55(b)(2), and 56.
On or about June 8, 1998, plaintiff The Torrey Company, Inc. ("Torrey"), as contractor, and R.K. Associates, as owner, entered into a Standard Form of Agreement Between Owner and Contractor (the "Agreement") for the renovation and construction of a retail shopping center located at 199 Connel Highway, Newport, Rhode Island (the "property"). A dispute arose between Torrey and R.K. Associates regarding payments for work performed on the property. Torrey filed a Notice of Intention to do Work or Furnish Materials and to Claim Lien and a Notice of Lis Pendens against the property with defendant R.K. Newport, LLC ("R.K. Newport") as owner. However, the Agreement contained an arbitration provision binding ILK. Associates and Torrey to arbitrate any contractual disputes with the American Arbitration Association.
Torrey filed a Demand for Arbitration in Boston against R.K. Associates as owner of the property, and the case is proceeding. Torrey also filed a Petition and Complaint to Enforce Mechanic's Lien and Equitable Relief against R.K. Newport. A lien was filed against the property with R.K. Newport as owner. After both the arbitration and the lawsuit were commenced, the parties, along with others, entered into an Escrow Agreement whereby "Torrey and the subcontractors have agreed to dissolve their mechanic's liens in exchange for R.K. depositing $2,521,348 in escrow as substitute security for the mechanic's liens." In return. Torrey executed a Release of Notice of Intention to File Mechanic's Lien and a Release of Lis Pendens with R.K. Associates and/or R.K. Newport.
The sole function of a 12(b)(6) motion is to challenge the sufficiency of the complaint. Goldstein v. Rhode Island Hosp.Trust Nat'l Bank, 110 R.I. 580, 585, 296 A.2d 112, 115 (1972) (citing Palazzo v. Big G. Supermarkets, Inc., 110 R.I. 242,292 A.2d 235 (1972)). The trial justice assumes that the allegations in the complaint are true, and views them in the light most favorable to plaintiff. Builders Specialty Co. v. Goulet,639 A.2d 59, 60 (1994) (citing Ellis v. Rhode Island Pub. TransitAuth., 586 A.2d 1055, 1057 (1991)). "A Rule 12(b)(6) motion should be granted when it is clear beyond a reasonable doubt that a plaintiff would not be entitled to relief under any set of facts provable under the complaint." Id. Generally, "vagueness, lack of detail, conclusionary statements, or failure to state facts or an ultimate fact, or facts sufficient to constitute a cause of action" are not in and of themselves fatal defects. Forecaster ofBoston, Inc. v. Woonsocket Sponging, Co., 505 A.2d 1379, 1380 (1986).
Although R.K. Newport failed to specifically cite a section of R.I. Super. R. Civ. P. 12(b) as a basis for their Motion to Dismiss, a reading of R.K. Newport's motion adequately informs both Torrey and the Court that R.K Newport filed a 12(b)(6) motion. Pursuant to R.I. Super. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." As R.K. Newport is asking this Court to consider evidence outside the four corners of Torrey's Petition to Enforce Mechanic's Lien and Equitable Relief; the Court is converting R.K. Newport's Motion to Dismiss into a Motion for Summary Judgment. See St. James CondominiumAss'n v. Lokey, 676 A.2d 1343 (R.I. 1996). The parties have been given the opportunity to present all pertinent material to the Court. R.I. Super. R. Civ. P. 12(b)(6).
R.K. Newport objects to the three motions filed by Torrey on the grounds that a current arbitration proceeding regarding the matter is pending, and Torrey had released and discharged its mechanic's lien against R.K. Newport. Since Torrey has no basis to maintain an action, R.K. Newport argues its Motion to Dismiss should be granted.
Torrey argues that R.K. Associates and R.K. Newport are separate and distinct legal entities. As such, Torrey may enforce its mechanic's lien against R.K. Newport as record title owner of the property. ILK. Newport counters that the principals of R.K. Newport own various properties and correspond as a matter of convenience under the name of ILK. Associates, which is not a legal entity. Torrey also asserts that the Escrow Agreement was an accommodation to ILK. Newport based upon the understanding that Torrey's lawsuit would continue in full force and effect as the escrowed funds were substitute security for the mechanic's liens. Additionally, Torrey contends that the arbitration prevision in the Agreement is not binding between Torrey and R.K. Newport. Furthermore, Torrey maintains that many subcontractors have elected to appear in the lawsuit to have their rights determined under the mechanic's lien statute and their rights would be prejudiced if the lawsuit was dismissed.
The main dispute between the parties revolves around the legal identity of the owner of the property, and the interplay between ILK. Newport and ILK. Associates. The deeds indicate R.K. Newport is the owner of the property. On the other hand, the parties to the Agreement were Torrey and R.K. Associates. Torrey also filed a Demand for Arbitration naming R.K. Associates as owner. The mariner in which both R.K. Associates and R.K. Newport hold itself out to the public is confusing at best. Nonetheless, the Escrow Agreement and the Releases are controlling in determination of this matter.
The terms of the Escrow Agreement enabled R.K. Newport to deposit funds to cover all claims regarding the property into an escrow account in return for Torrey releasing its mechanic's lien and lis pendens against both R.K. Associates and/or R.K. Newport. In accordance with the Escrow Agreement the escrow account replaced the mechanic's liens. Torrey has no action against either R.K. Newport or R.K. Associates under the mechanic's liens statute as a result of signing the Releases. Torrey's basis for relief is now contractual in nature, and cannot be enforced by the mechanic's liens statute. Furthermore, Torrey is currently involved in an arbitration proceeding regarding the same subject matter of this lawsuit Based upon the foregoing analysis, R.K. Newport's Motion to Dismiss, as converted into a Motion for Summary Judgment, is granted.
Counsel shall prepare the appropriate order for entry.