**HEDCO, LTD.**

*v.*

**Gwendolyn BLANCHETTE.**

**No. 98–510–Appeal.**

Supreme Court of Rhode Island.

Dec. 26, 2000.

John M. Roney, Providence, for plaintiff.

Russell Thomas Wolfgang–Smith, for defendant.

Present: WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Supreme Court for oral argument on November 8, 2000, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Hedco, Ltd. (Hedco), has appealed a Superior Court order granting a Super.R.Civ.P. 12(b)(1) motion ("lack of jurisdiction over the subject matter") to the defendant, Gwendolyn Blanchette (Blanchette), and dismissing a trespass and ejectment action brought by the plaintiff. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The facts of this case are not in dispute. Blanchette was a tenant in rental housing federally subsidized by the United States Department of Housing & Urban Development (HUD) and managed by plaintiff Hedco. The parties had a lease agreement, according to which defendant was responsible for payment of $199 per month as her share of the $840 rent. In 1998, defendant did not pay her June rent on the specified first day of the month, but informed Hedco on June 5 that she had spent her rent money. On June 16, 1998, Hedco hand-delivered to defendant a notice on which was written, "Date of Mailing: June 16, 1998," and which was titled, "Notice of Proposed Termination of Tenancy for Nonpayment of Rent and Ten–Day Demand Notice for Nonpayment of Rent Pursuant to Federal Regulation and R.I. Gen.Laws [1956] Section 34–18–35." The notice informed Blanchette that she was more than fifteen days in arrears for her rent, and that:

> "[u]nless you make payment of all rent in arrears within ten (10) days of the date that this Notice was mailed to you, your tenancy will be terminated and an eviction notice may be initiated in court against you on or after June 29, 1998."

The notice also described the method by which the tenant could pay rent in order to prevent termination of the tenancy, and it offered to discuss the amount owed. It also advised tenant that in addition to the rent due, she owed a late charge of $15. After defendant did not pay her rent within the ten days set forth in the notice, Hedco filed a complaint in District Court on June 29, 1998, for eviction for nonpay-

ment of rent pursuant to the Residential Landlord and Tenant Act, G.L.1956 § 34–18–35. On July 1, 1998, Hedco presented defendant with a notification signed by the resident manager amending her lease agreement by adjusting the rent. On the document in the manager's handwriting was the direction, "Please come to this office to sign your new lease." When defendant attempted to tender her rent on July 2, 1998, Hedco refused acceptance, relying on §. 34–18–35(e), under which a renter has a right to cure the failure to pay rent after commencement of suit only if she had not already received a separate notice within the six months immediately preceding the filing of the action. The defendant here had received such a notice three months previously, when she paid her rent more than fifteen days late.

Judgment for possession was entered for plaintiff on July 8, 1998, and defendant was ordered to pay $241 in back rent, plus interests and costs. Subsequently, Blanchette filed an appeal in Superior Court and asked that the matter be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1), or in the alternative, for summary judgment. The motion justice granted dismissal, finding that plaintiff's termination notice was fatally defective for failing to comply with the Code of Federal Regulations, 24 C.F.R. § 247.4(a)(1)(2000), which required a specific termination date for a federally subsidized tenancy.

During the hearing on the motion to dismiss, the judge stated that

"the [issue] that was most troublesome to the Court was the requirement that the notice must specify the termination date. *** [T]he reason that is so critical is because the termination date is the date upon which the landlord-tenant agreement between these parties theoretically comes to an official end, and it is the date before which the landlord has no right to file court proceedings to evict the tenant.

"It doesn't say the tenant has to count the dates. It says the tenant has to be

notified of the date. *** [T]he regulations are pretty specific as far as what notice the defendant must be given; and date means date."

The motion justice concluded by stating that "the Court finds that the notice is in fact insufficient, thus depriving the Court of jurisdiction over this eviction action."

The defendant further argued that the notice was insufficient because (1) it was prematurely delivered, (2) it contained a demand for late fees in addition to rent, and (3) it did not advise defendant that commencement of a court action is the exclusive method for a plaintiff to enforce the termination of tenancy. Finding that absence of a specified termination date was fatal to the sufficiency of the notice, the motion judge did not reach those arguments; she did state, however, that "[a]ny one of those failures is sufficient in the Court's mind to find that the notice was ineffective and, therefore, insufficient as far as being the basis of eviction action."

■ We have previously held that "although the lack of subject matter jurisdiction cannot be raised by a motion for summary judgment, such a motion may be treated as one to dismiss." *Cranston Teachers Association v. Cranston School Committee*, 120 R.I. 105, 108, 386 A.2d 176, 178 (1978). This Court will affirm the granting of a defendant's motion to dismiss "if a plaintiff would not be entitled to relief from a defendant under any set of facts that could be proven in support of the plaintiff's complaint." *Garganta v. Mobile Village, Inc.*, 730 A.2d 1, 3 (R.I.1999) (per curiam) (citing *Builders Specialty Co. v. Goulet*, 639 A.2d 59, 60 (R.I.1994)).

■ "Actions for eviction that are due to nonpayment of rent are strictly regulated by statute." *Russo v. Fleetwood*, 713 A.2d 775, 777 (R.I.1998) (per curiam). Proper termination for nonpayment of rent is detailed in § 34–18–35(a), which requires a written notice informing the tenant that the rental agreement shall terminate "unless he or she cures the breach

within five (5) days of the date of mailing of the notice." The termination in the present case does substantially follow the language in § 34–18–56, which statute also features a sample notice sufficient for termination. Pursuant to § 34–18–3(b)(2), when a rental agreement involves federally subsidized housing, the chapter applies unless federal regulations conflict directly with the state provisions, "in which case the rights and responsibilities derived from federal laws and regulations shall control."

Here, defendant's apartment was subsidized by HUD, which paid over 75 percent of her rent, and a landlord seeking to evict a tenant was required to send a termination notice that complied with federal regulations as set forth in 24 C.F.R. § 247.4(a)(1). The landlord did appropriately modify the notice to comply with the ten-day time period, during which a tenant could cure the breach of nonpayment as required by section 4350.3 of the HUD handbook and section 23(b) of the parties' lease agreement. However, the notice informed plaintiff only that "your tenancy will be terminated and an eviction notice may be initiated in court against you on or after June 29, 1998." Significantly, 24 C.F.R. § 247.4(a)(1) requires that the notice to terminate "shall: (1)[s]tate that the tenancy is terminated on a date specified therein." Section 4–21 of the HUD handbook states that "[t]he owner's notice must: 1) specify the date the lease will be terminated." The parties' lease agreement requires that "*[a]ll termination notices must:* (1) specify the date this [a]greement will be terminated."

In considering the sufficiency of a termination notice, we have repeatedly stated that "the important factor is whether the statute has been complied with and not whether the tenant has been misled by the notice given." *Tate v. Peter Charles Reynolds, Inc.,* 622 A.2d 449, 450 (R.I. 1993) (per curiam) (citing *DeLuca v. Cinima,* 72 R.I. 346, 350, 51 A.2d 369, 370–71 (1947)). Although a tenant may be clearly apprised of the termination of his lease, we have determined a notice to be fatally defective when it ordered the tenant to quit on the last day of his term instead of the first day following it, *Industrial Trade Unions of America v. Metayer,* 69 R.I. 199, 203, 32 A.2d 789, 790–91 (1943), or when it did not clearly indicate that an agent was acting on behalf of the landlord. *Tate,* 622 A.2d at 450.

The verb "specify" is defined as "name or mention expressly," The Oxford Dictionary and Thesaurus, 1459 (American Edition, 1996) or "state explicitly or in detail," The American Heritage Dictionary of the English Language, 1669 (4th ed.2000). In the present case, Blanchette was informed that unless she paid all rent in arrears within ten days of the mailing date of the notice, her tenancy would be terminated. The date of mailing was specified as June 16, 1998, and defendant also was apprised that an eviction notice "may be initiated *** on or after June 29, 1998." The exact date for termination, however, was not explicitly stated, as such. By adding ten days to the date of mailing, defendant could arguably determine the last possible date—June 26, 1998—on which she could make payment of the rent to avoid termination of tenancy, but she was not informed unequivocally when the exact termination would occur.

Hedco argued that a phrase describing a time period (*e.g.* "within ten days"), if read in conjunction with a referenced mailing date, can determine a date with as much specificity as would be provided by stating a day, month, and year. In support, Hedco cited *Jefferson Garden Associates v. Greene,* 202 Conn. 128, 520 A.2d 173, 179 (1987), in which the Connecticut Supreme Court entered judgment for a landlord who had sent a disputed termination notice to a tenant who persisted in violating housing regulations by keeping a pet. In *Jefferson Garden Associates,* the court concluded that not every deviation of either statutes or regulations warranted dismissal of an action by summary process. *Id.* at 183. The case is not binding on this Court

and is also readily distinguishable on the facts, as it involved the sending of three separate notices, two of which clearly stated the day, month, and year for termination of the tenancy.

■ The termination notice at issue here complies with state regulation § 34–18–35 and in fact uses most of the precise language suggested in § 34–18–56, but it failed to meet the higher standard required by the regulation for federally subsidized housing set forth in 24 C.F.R. § 247.4(a)(1) and paragraph 23(c) of tenant's lease. An examination of the record persuades us that both the federal regulation and lease clearly require an explicitly-stated date for termination of the lease. Because service of a valid and proper notice to quit is a condition precedent to maintaining a trespass and ejectment action, plaintiff failed to properly invoke the jurisdiction of the court. *See Abbenante v. Giampietro*, 75 R.I. 349, 353, 66 A.2d 501, 503 (1949) (holding that tenancy is not terminated without proper notice, regardless of landlord's intention).

Therefore, the motion justice was correct in dismissing the case because the court's subject matter jurisdiction was not invoked properly. Because we conclude that the lack of a specified termination date on the notice rendered it insufficient, we need not address defendant's arguments pertaining to other flaws in the termination notice. Although it satisfied state requirements, the notice here was not effective because it did not satisfy the controlling federal requirements. Therefore, the notice did not provide an adequate basis for initiating an eviction action. Our holding today is in agreement with our previous termination-of-tenancy cases that have required strict compliance with notice requirements. *See, e.g., Tate*, 622 A.2d at 450 (although notice to quit included the name of landlord's company, it was ineffective because it did not contain landlord's name).

For the foregoing reasons, the plaintiff's appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which the papers of this case may remitted.