227 A.2d 582.

HARRY P. BRAGG *vs.* WARWICK SHOPPERS WORLD, INC.

MARCH 20, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This action of trespass on the case was brought by a business invitee to recover for personal injuries resulting from the alleged negligence of the owner and occupier of a large self-service mill outlet type of department store. It is here on the plaintiff's exception to a ruling of a justice of the superior court sustaining the defendant's demurrer to the fourth amended declaration.

The trial justice ruled in substance that the declaration was insufficient in law because its allegations were conclusionary rather than factual, and vague rather than certain. If we were required to apply the same standards which were controlling when the case was before him, we would undoubtedly affirm. His ruling, however, antedated the January 10, 1966 adoption by the superior court of a modern simplified set of rules of civil procedure. Those rules were designed "to liberalize and facilitate the practice in this jurisdiction." *Industrial National Bank* v. *Colt,* 101 R. I. 488, 224 A.2d 900.

In keeping with the spirit which led to their adoption, this court, in cases argued since January 10, 1966, has, where feasible and where no injustice would result, applied the new rules even in situations where our review has been of rulings made prior to their effective date. *Milliken* v. *Milliken,* 101 R. I. 572, 225 A.2d 661; *Legare* v. *Urso,* 100, R. I. 391, 216 A.2d 506. We follow that policy in this case and we consider the declaration as if it were a complaint. Stripped of its common-law formalisms it makes the following recitals. The plaintiff alleges that he was invited along with other members of the general public to come upon defendant's premises in the expectation that he would inspect and, hopefully, purchase of the goods, wares and merchandise there offered for sale. His injury occurred, he

states, when he was struck by a fishing pole which protruded from a merchandise cart which defendant provided to facilitate the transportation of purchases from the display counters to the check-out exits, and he also avers that defendant either knew or should in the exercise of due care have known that the cart with the pole protruding was being pushed on and along a narrow aisle by a child of tender years. Finally, he alleges that defendant did not properly supervise either the loading or the use of the merchandise carts which it provided. Additionally, of course, the declaration contains the customary allegations relevant to jurisdiction, the relief requested, plaintiff's freedom from contributory negligence and the nature and extent of his injuries.

In testing whether a complaint containing such allegations can survive a Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief can be granted, we treat the demurrer as if it were such a motion, and we apply the guides established in the federal courts for the construction of their rules upon which ours have been modeled. *Industrial National Bank* v. *Colt, supra.* See also *George A. Fuller Co.* v. *Schacke,* 71 R. I. 322, and *Gemma* v. *Rotondo,* 62 R. I. 293.

Those guides differ substantially from common-law standards. No longer do pleadings play as important a role in litigation as they formerly did. Today's goal is the attainment of substantial justice, rather than the exact formulation of issues. Instead of demanding that a declaration be replete with factual assertions and be attentive to formalisms, the new rules require only " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. * * * [They] reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that

the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson*, 355 U. S. 41, 47-48. Consonant with the fair-notice concept, no complaint will be deemed insufficient unless it is clear beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief, *Conley* v. *Gibson, supra,* that is to say, unless it appears to a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim. *Beacon Theatres, Inc.* v. *Westover,* 359 U. S. 500; *Leimer* v. *State Mutual Life Assur. Co.,* 108 F.2d 302; *Erk* v. *Glenn L. Martin Co.,* 116 F.2d 865.

In determining whether there is such a doubt or lack of certainty as will justify a termination of litigation at this stage of the pleadings, we follow the federal rule as stated by the present Chief Justice when he sat as a federal district judge before coming to the bench in this state, and we construe the complaint "in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true." *Garcia* v. *Hilton Hotels International, Inc.,* 97 F. Supp. 5, 8. See also *Schram* v. *Lucking,* 31 F. Supp. 749, and *Gray* v. *Schoonmaker,* 30 F. Supp. 1019. In addition, vagueness, lack of detail, conclusionary statements, or failure to state facts or ultimate facts, or facts sufficient to constitute a cause of action are no longer generally in and of themselves fatal defects. *Dioguardi* v. *Durning,* 139 F.2d 774; *East Crossroads Center, Inc.* v. *Mellon-Stuart Co.,* 245 F. Supp. 191; *Wilson* v. *Illinois Central R.R.,* 147 F. Supp. 513; *Mails* v. *Kansas City Public Service Co.,* 51 F. Supp. 562.

The difference between such an approach and that which prevailed at common law when pleading was an art is strikingly illustrated in our own reports. *Phelps* v. *Burrillville Racing Ass'n,* 73 R. I. 84 (decided June 27, 1947), and *Kane* v. *Burrillville Racing Ass'n,* 73 R. I. 264 (decided August 1, 1947). Both of these cases arose out of the same incident

and in each the plaintiff was a non-negligent admission-paying patron at a horse-racing track operated by the defendant. The incident took place when an unknown excited patron inadvertently bumped into a fire extinguisher, and dislodged it from the wall from which it hung. The noise of the fall and the spray which emitted from the extinguisher with a hissing sound as it began to roll down a nearby stairway created a commotion, which, accompanied by cries of "Fire" and "Bomb" from persons in the vicinity, resulted in a human stampede which involved and injured each plaintiff.

In *Phelps*, the case first decided, the declaration included the facts as summarized by us but set forth in far greater detail. In sustaining a demurrer this court found the declaration did not meet the common-law standard because it was not alleged,

> "* * * that the defendant had a duty to use reasonable care in keeping and maintaining the premises, including the equipment under its control, in reasonably safe condition for the purposes of its invitation to paying patrons and to reasonably protect them from such foreseeable dangers and injuries as might be likely to result from the negligence of the defendant, so long as such patrons were in the exercise of due care and acting within the scope of their invitation * * *." *Phelps* v. *Burrillville Racing Ass'n, supra,* at 88.

One month and four days later *Kane* was decided. In that case the plaintiff, apparently a more artful pleader, included in her declaration the substance of what had been omitted from the *Phelps* declaration and we held that the issues of proximate cause and of the defendant's negligence were for the jury. The anomaly of *Kane - Phelps* is unlikely, if not impossible, under the new rules.

When we test plaintiff's allegations by the now controlling guides, it is reasonably apparent that plaintiff within the framework of his declaration might at trial produce evidence in furtherance of his claim which would support a

determination by the trier of the facts that defendant had violated its obligation to keep its premises in a reasonably safe condition for the purposes of the invitation extended to its patrons, and that the very incident which caused plaintiff's injury was a danger or peril against which defendant, in the exercise of reasonable care for the safety of its customers, should have provided protection. *Denisewich* v. *Pappas*, 97 R. I. 432, 198 A.2d 144; *Kane* v. *Burrillville Racing Ass'n, supra; Ephremian* v. *Sholes*, 72 R. I. 395. Indeed, on facts substantially similar to those in this case, and after a trial on the merits, liability was imposed upon a storekeeper for injuries sustained by a customer when she was struck by a cart being propelled through the aisles of the defendant's premises. *Fleming* v. *Allied Supermarkets, Inc.*, 236 F. Supp. 306. In such circumstances we follow the policy, long established in the federal courts, against terminating litigation at this stage of the pleadings. *Garcia* v. *Hilton Hotels International, Inc., supra.*

The plaintiff's exception to the ruling sustaining the demurrer is sustained, and the case is remitted to the superior court for further proceedings.

*Abedon, Michaelson, Stanzler, Biener, Richard A. Skolnik, Richard S. Mittleman,* for plaintiff.

*Martin M. Zucker,* for defendant.