Robert R. RYAN et al.

v.

STATE of Rhode Island, DEPARTMENT
OF TRANSPORTATION, et al.

No. 78–115–Appeal.

Supreme Court of Rhode Island.

Oct. 1, 1980.

Gifford, Jones & Acton, Delphis R. Jones,
North Kingstown, Tobin, LeRoy & Silver-
stein, Max Wistow, John P. Barylick, Provi-
dence, for amici curiae, John P. Rutkevicz,
Jr. and John P. Rutkevicz, III.

Stephen F. Mullen, Legal Counsel, Dept.
of Transp., Providence, for defendants.

OPINION

MURRAY, Justice.

The plaintiffs Robert and Edward Ryan
(the Ryans) filed a complaint in the Superi-
or Court alleging that the defendants' neg-
ligent administration of the motor vehicle
licensing laws caused them to suffer per-
sonal injuries and consequential damages
arising out of an automobile accident. The
defendants–Eugene P. Petit, Jr., Registrar
of Motor Vehicles (the registrar); the State
of Rhode Island; and the Department of
Transportation–moved jointly under Rule
12(b)(6) of the Superior Court Rules of Civil
Procedure to dismiss the complaint for fail-
ure to state a claim upon which relief can
be granted. At the close of a brief hearing,
a Superior Court justice granted the de-
fendants' motion, prompting the plaintiffs
to appeal from the final judgment of dis-
missal.

Viewed in the light most favorable to plaintiffs with all doubts resolved in their favor,[1] the complaint contains the following allegations upon which plaintiffs have based their claims. Robert Ryan was operating a motor vehicle on Boston Neck Road in North Kingstown on May 17, 1976, when he was struck by a motor vehicle owned and operated by Bruce A. Eaton. Eaton's negligence caused the collision, in which Robert was severely injured. On the date of the accident Eaton held a valid driver's license issued by or under the supervision of the registrar. The Ryans allege, however, that Eaton, in light of his lengthy record of violations, did not merit possession of a license.

Predicated on those allegations, the Ryans claim in two counts that the registrar or his subordinates failed to comply with applicable motor–vehicle–licensing statutes.[2] In one count they claim that the registrar, despite having actual or constructive knowledge of Eaton's driving record, failed to investigate his character, habits, and driving ability before reinstating his license after three suspension orders. Thus, in effect, they allege that the registry failed, before renewing Eaton's suspended license, to conduct the investigation required by G.L. 1956 (1968 Reenactment) § 31–11–10, which provides that

"Any person whose license or privilege to drive a motor vehicle on the public highways has been revoked or suspended shall not be entitled to have such license or privilege renewed or restored unless the revocation or suspension was for a cause which has been removed, except that after the expiration of the term of the revocation or suspension he may ap-

ply to be restored to his right to drive, but the registry shall not grant such application unless and until it is satisfied after investigation of the character, habits and driving ability of such person that it will be safe to license him to drive a motor vehicle on the public highways."

Alternatively, the Ryans claim that the reissuance of a license to Eaton in light of his driving record violated the standards contained in three subsections of § 31–10–3. Those subsections of § 31–10–3 specify that the registry shall not issue any license

"(3) To any person, as an operator or chauffeur, whose license has been suspended during such suspension, nor to any person whose license has been revoked, except as provided in § 31–11–10;

"(4) To any person, as an operator or chauffeur, who is an habitual drunkard, or is an habitual user of narcotic drugs, or is an habitual user of any other drug to a degree which renders him incapable of safely driving a motor vehicle;

" * * *

"(9) To any person when the registrar has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare."

The plaintiffs allege that those violations resulted from the negligence of the registrar and that the registrar's negligence was a direct cause of their injuries.

Our review of the trial court's ruling is guided by the principle that the sole function of a motion filed pursuant to Super.R.Civ.P. 12(b)(6) is to test the sufficiency of the complaint.[3] *Dutson v. Nationwide*

---

**1.** *Dutson v. Nationwide Mutual Ins. Co.*, R.I., 383 A.2d 597, 599 (1978); *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 12, 227 A.2d 582, 584 (1967).

**2.** The complaint refers preliminarily to G.L. 1956 (1968 Reenactment) § 31 2 1, which mandates, in part, that

"[the] registrar shall supervise the enforcement of all laws relating to the issuance, suspension and revocation of motor vehicle registrations and licenses * * * [and] shall exercise all powers and duties pre-

scribed by chapters 1 to 27, inclusive, of this title and shall supervise and direct the promotion of highway traffic safety."

**3.** As an instrument of this procedure, the last sentence of Rule 12(b) of the Superior Court Rules of Civil Procedure provides that "[a] motion or an answer presenting the defense of failure of a pleading to state a claim upon which relief can be granted shall be accompanied by a short, concise statement of the grounds on which such defense is based." The objective of this requirement is "to focus the

*Mutual Insurance Co.*, R.I., 383 A.2d 597, 599 (1978); *Palazzo v. The Big G Supermarkets, Inc.*, 110 R.I. 242, 244, 292 A.2d 235, 236 (1972). A trial justice should deny such a motion unless it appears beyond a reasonable doubt that a plaintiff would not be entitled to any relief under any conceivable set of facts which might be proven in support of his claims, *Berberian v. Solomon*, R.I., 405 A.2d 1178, 1180 (1979); *Dutson v. Nationwide Mutual Insurance Co.*, R.I., 383 A.2d at 599, considering all factual allegations in the complaint as true and according the plaintiff the benefit of every reasonable inference. *Id.; see Spaziano v. Spaziano*, R.I., 410 A.2d 113, 115 (1980).

Since enactment of G.L.1956 (1969 Reenactment) § 9–31–1, as amended by P.L. 1970, ch. 181, § 2, the state, subject to certain limitations, is liable in all actions of tort in the same manner as a private individual or corporation. *Calhoun v. City of Providence*, R.I., 390 A.2d 350 (1978). The law of negligence does not impose liability upon an individual unless there is a breach of a duty owed to the plaintiff. *Montuori v. Narragansett Electric Co.*, R.I., 402 A.2d 583 (1980). In suits brought against the state, plaintiffs must show a breach of some duty owed them in their individual capacities and not merely a breach of some obligation owed the general public. *Southworth v. State*, 47 N.Y.2d 874, 876, 392 N.E.2d 1254, 1255, 419 N.Y.S.2d 71, 73 (1979) (per curiam); *cf. Cracraft v. City of St. Louis Park*, Minn., 279 N.W.2d 801 (1979) (municipal liability).

Section 31–11–10 contemplates that the registry will reinstate those drivers whom it considers "safe * * * to drive a motor vehicle on the public highways." In enacting § 31–11–10 the Legislature intended to empower the registry to withhold reinstatement after examining the applicant's driv-

ing record. Thus, the statute clearly has as its purpose the protection of the public at large. *Southworth v. State, supra.* We are unable to conclude, however, that the Legislature intended to create a duty running to individual members of the public. We are not convinced that the Legislature intended such a drastic result when it enacted § 31–11–10. Furthermore, such a drastic remedy would likely deter the registry from reinstating any drivers under § 31–11–10. In so ruling we are unable to concur with the decision of the Arizona Supreme Court in *Oleszczuk v. State*, 124 Ariz. 373, 604 P.2d 637 (1979).

The plaintiffs have failed to allege facts that would give rise to a special duty owed to them by the Department of Transportation. We thus affirm dismissal of their complaint without reaching the other issues argued by the parties.

The plaintiffs' appeal is denied and dismissed.

---

attention of opposing counsel and the court upon the actual bases for genuine challenges to the sufficiency of pleadings." 1 Kent, *R.I.Civ. Prac.* § 12.9 at 115 (1969). Regretfully, we observe that defendants' motion was not accompanied by a statement of reasons; nor did plaintiffs or the trial court request that such a statement be filed in accordance with the rule.

As a probable consequence, the movants' arguments provided the hearing justice with little inkling of the genuine issues now confronting this court. The ultimate disposition of defendants' Rule 12(b)(6) motion was that the Superior Court justice granted the motion with the hope that this court would "straighten the Court out."