[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendant Rhode Island Department of Transportation's (RIDOT) motion to dismiss the complaint of Scenic Rhode Island, Inc. and David Dunn (Plaintiffs) for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure.
RIDOT acting in accordance with Federal Aviation Regulations, removed certain trees and other growth which were considered to be hazardous obstructions in the vicinity of the Newport State Airport. Prior to the removal procedure, RIDOT prepared a report identifying the obstructions around the airport which were in violation of the federal regulations. This plan was then submitted for approval to the Middletown Zoning Board as well as the Department of Environmental Management, Wetlands Section (DEM) since numerous trees identified as obstructions were in existing wetlands. DEM approved of the plan as submitted. In doing so, a restriction was imposed by DEM limiting the removal activities in specified areas to hand-clearing rather than by the use of heavy equipment so as to protect the wetlands.
Plaintiffs, relying on G.L. 1956 (1985 Reenactment) § 10-1-1, allege that the actions of RIDOT in clearing the trees around the Newport State Airport amount to a public nuisance. Plaintiffs argue that the removal of the trees was in excess of that which was called for in the DEM-approved plan and that hand-clearing restrictions were not followed in certain instances. RIDOT contends that the Plaintiffs lack standing and also that their claim is barred by the doctrine of sovereign immunity. The issue before this court, therefore, is whether the Plaintiffs do in fact lack standing and also, whether the activities of RIDOT in this instance fall within the purview of sovereign immunity.
In considering RIDOT's motion to dismiss under R.C.P. 12(b)(6), this court must construe the complaint in the light most favorable to the Plaintiffs with all doubts resolved in his favor and his allegations accepted as true. Bragg v. WarwickShoppers' World, Inc., 102 R.I. 8, 227 A.2d 582, 584 (1967). The court will not find that a complaint is insufficient unless it is clear beyond a reasonable doubt that Plaintiffs are not entitled to relief under any set of facts that might be proved in support of his claim. Id. Dismissal of a complaint is proper where it is shown that on the face of the complaint, there is some insuperable bar to relief. Goldstein v. Rhode Island Hosp. TrustNat'l. Bank, 110 R.I. 580, 296 A.2d 112 (1972).
With regard to the issue of standing, Plaintiffs are bound by the strictures of G.L. 1956 (1985 Reenactment) § 10-1-1, which provides in part as follows:
 Whenever a nuisance is alleged to exist, the attorney general or any citizen of the state may bring an action in the name of the State of Rhode Island, upon the relation of such attorney general or of such individual citizen, to abate such nuisance . . .
Presently, Plaintiffs have neglected to adhere to the requirement that the action be brought in the name of the State of Rhode Island. As a result, owing to the insufficiency of the pleadings, their complaint should fail. However, the court is mindful of the fact that the complaint could be amended and this problem thereby cured. Nevertheless, dismissal of the complaint is also warranted for the reasons set forth below.
Turning to the question of whether the public duty doctrine bars recovery by the Plaintiffs, this court is guided by recently decided Rhode Island Supreme Court cases which have examined its applicability. In deciding whether sovereign immunity will bar a Plaintiff's claim, "there must be a weighing of the injured party's demand for justice against the state's equally valid claim to exercise certain powers for the good of all without burdensome encumbrances and disruptive forces." Calhoun v. Cityof Providence, 120 R.I. 619, 628, 390 A.2d 350, 355 (1978). The public duty doctrine promotes "the effective administration of governmental functions by removing the threat of potential litigation." Catone v. Medberry, 555 A.2d 328, 333 (R.I. 1989). In Catone, the court further delineated the purpose of governmental immunity as follows:
 The need to protect the government's ability to perform certain functions is particularly relevant when the activity in question involves a high degree of discretion such as governmental planning or political decision making. The state would be unable to function if liability was imposed each time an individual was deleteriously affected by such activities. We shall therefore continue to immunize the government for harm resulting from discretionary acts. Catone, 555 A.2d at 333.
The Catone court noted that the public duty doctrine has generally applied where the government or its agent engages in an activity inherently incapable of being performed by private individuals. Id. The court ultimately held that when the government or any of its agents engage in an activity normally performed by private individuals in the course of their everyday lives, a duty arises out of the common law to exercise reasonable care in the performance of this type of activity. Id. at 334.
This sentiment was reflected in the court's reasoning inO'Brien v. State, 555 A.2d 334 (R.I. 1985). In O'Brien, the plaintiff sued the State of Rhode Island for its alleged negligent maintenance of the Lincoln Woods State Park, where the plaintiff had tripped over a horseshoe stake or iron bar which was hidden beneath the grass in such a way that it was not visible to him. Id. at 335. In holding the state liable as a landowner, the court indicated that sovereign immunity would encompass those "activities performed by government [that] could not and would not in the ordinary course of events be performed by a private person at all." Id. at 336-37. Within this category of activities is the state's exercise of the police power by those authorized and expected by the state to perform such police functions. Id. at 37.
The special duty doctrine, an exception to the public duty doctrine, operates to subject the state to liability despite the fact that the activity engaged in by the state was not an activity that a private individual typically would perform. SeeRyan v. State Department of Transportation, 420 A.2d 841
(R.I. 1980). In order to come within the special duty doctrine plaintiffs "must show a breach of some duty owed them in their individual capacities and not merely a breach of some obligation owed the general public." Id. at 843. The plaintiffs must have had prior contact with state or municipal officials who then knowingly embarked on a course of conduct that endangered the plaintiffs in order to avail themselves of the special duty doctrine. Knudsen v. Hall, 490 A.2d 976 (R.I. 1985). On the other hand, the plaintiffs could specifically come within the knowledge of the state officials so that injury to the plaintiffs can be or should be foreseen. Id.
The public duty doctrine as well as the special duty doctrine were recently examined by the Rhode Island Supreme Court inLongtin v. D'Ambra Construction Company, Inc., No. 89-290-A Slip. op. (R.I. March 29, 1991). The plaintiffs brought suit against the state alleging that the state's reconstruction of Mendon Road caused their property to become flooded after heavy rains, which in turn damaged the interior of their home. In noting that the duty owed by the state depends on whether the activity which the state had engaged in was typically performed by private individuals, the court proceeded to evaluate the nature of the state's activity. Id. p. 3. The court stated that "when the state engages in an activity that a private individual would not perform, such as the maintenance of state highways or the issuance of state drivers' licenses, the public duty doctrine will shield the state from liability." Id. p. 4. The court ultimately found that road repair was not a normal everyday activity typically performed by a private individuals, however the special duty doctrine was invoked because of the prior assurances given by construction officials that the plaintiff's property would not be harmed.
None of the factors which relate to the special duty doctrine are present in the facts of the case at bar. Plaintiffs have not alleged that they had prior contact with or that they were known to the officials who performed the clearing in question. Thus, Plaintiffs do not fall within the parameters of the special duty doctrine.[1]
Furthermore, in considering the facts of the present matter in light of the foregoing discussion, this court is of the opinion that the activity of the state in clearing the trees around the Newport State Airport pursuant to Federal Aviation Regulations was discretionary in nature. In no way can such an activity be considered a task normally performed by a private citizen in the ordinary course of events. See Catone,supra. Therefore, because the actions of the state in this instance fall within the ambit of the public duty doctrine, the court finds that the state is immune from liability.
Even if the court were to accept the argument that the simple act of removing trees is an act which a private citizen performs in the ordinary course of events, the court is not persuaded that there is a duty owed under a nuisance theory of liability to clear trees in any particular fashion. The court finds no precedent which supports the notion that an action will lie in tort for nuisance under the facts of the instant case.
Any violations of the clearing plan or any deviations by the state therefrom, would best be brought to the attention of a the appropriate administrative agency such as DEM, which originally approved the plan. The necessary corrective measures could then be implemented in such a manner as that agency sees fit.
In conclusion, viewing the allegations of the complaint in the light most favorable to the Plaintiffs, the court finds that Plaintiffs are not entitled to relief as the activity in question is both a governmental and discretionary one. Furthermore, the activity does not fall within the special duty doctrine as an exception to the public duty doctrine.
The court therefore grants RIDOT's motion to dismiss pursuant to R.C.P. 12(b)(6). Counsel are directed to prepare an order in conformity with this decision.
[1] Moreover, assuming that the complaint had been properly brought in the name of the State of Rhode Island, an attempt to bring the case within the special duty doctrine would require a troublesome intellectual exercise whereby the court would have to reach the dubious conclusion that the state, through contact with itself via a statutory suit in its name against RIDOT, a state agency, thereby triggered a special duty exception to what otherwise would have been a discretionary act entitled to immunity.