Joyce PSILOPOULOS et al.

v.

STATE of Rhode Island, The Rhode
Island Disability Determination
Service.

No. 93–231–A.

Supreme Court of Rhode Island.

Feb. 2, 1994.

Pamela Ruth St. John, Pawtucket, for
plaintiff.

Jeffrey Pine, Atty. Gen., William Mark
Kolb, Asst. Atty. Gen., for defendant.

OPINION

PER CURIAM.

This case came before a hearing panel of
this court for oral argument January 11,
1994, pursuant to an order that had directed
the plaintiffs to appear in order to show
cause why the issues raised by their appeal
should not be summarily decided.

After hearing the arguments of counsel
and examining the memoranda filed by the
parties, we are of the opinion that cause has
not been shown.

The plaintiff Joyce Psilopoulos, as an indi-
vidual, in her capacity as administratrix of
the estate of George Psilopoulos, and on be-
half of the beneficiaries of said estate, ap-
pealed from a judgment entered in the Supe-
rior Court on the pleadings holding that de-
fendants were not liable for the wrongful
death of plaintiffs' decedent.

The plaintiffs' decedent suffered a heart
attack in December 1982. He applied for
Social Security disability benefits on July 18,
1983. These benefits were denied by the
federal authorities on the basis of the recom-
mendation of physicians employed by the
State of Rhode Island and upon the recom-
mendations of state administrators that
plaintiffs' decedent was not disabled. The
decedent voluntarily returned to work in
September 1983, after the denial of benefits,
and worked until November 1983. He died
on December 22, 1983 from a heart attack.

Subsequently plaintiffs sought a review of
the initial denial of benefits, and in February
1985 an administrative law judge employed
by the Social Security Administration deter-
mined that the decedent had been entitled to
disability benefits from December 15, 1982,
until his death on December 22, 1983.

Thereafter, the plaintiffs brought an action
for wrongful death in the Superior Court
based upon the negligent denial of benefits
by the State of Rhode Island and the Rhode
Island Disability Determination Service. A
justice of the Superior Court granted a mo-
tion for judgment on the pleadings, holding
that as a matter of law the plaintiffs failed to
set forth a cause of action upon which relief
could be granted. We are of the opinion that
the trial justice was correct in granting the
motion for judgment on the pleadings. The
quasi-judicial determination made by agents
of the state in recommending denial of bene-
fits by agents of the Federal Social Security
Administration violated no duty owed by

them to the plaintiffs' decedent. In fact such a quasi-judicial determination made in good faith on medical recommendations would be entitled to immunity on the part of the agents as well as the sovereign entity that employed them. *See Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Ryan v. State Department of Transportation,* 420 A.2d 841 (R.I.1980); *Calhoun v. City of Providence,* 120 R.I. 619, 390 A.2d 350 (1978). Further, the nexus between the denial of benefits and the subsequent heart attack suffered by the decedent was so attenuated that proximate causation was absent as a matter of law.

Consequently the appeal of the plaintiffs is denied and dismissed. The judgment entered in the Superior Court is affirmed.

SHEA, J., did not participate.