James CANAVAN

v.

**LOVETT, SCHEFRIN AND HARNETT et al.**

No. 98–291–Appeal.

Supreme Court of Rhode Island.

Feb. 14, 2000.

Ronald J. Resmini, Barrington, for Plaintiff.

Michael S. Schwartz, John Tarantinoi, Timothy G. Gallogly, Anthony F. DeMarco, John F. Dolan, Providence, for Defendants.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Court for oral argument on January 26, 2000, in accordance with an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

The plaintiff, James Canavan (plaintiff), has appealed from a judgment entered in the Superior Court dismissing his complaint against defendant Lloyd's of London Insurance Company (Lloyd's) for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff brought an action for malpractice against the law firm of Lovett, Schefrin, Gallogly & Harnett (the law firm or firm) for malpractice arising from the law firm's failure to bring action on his behalf based upon a personal injury within the period allowed by the statute of limitations. The plaintiff also joined as a party defendant in his lawsuit Lloyd's, which was the firm's malpractice insurer.

It further appears from the record that the law firm failed to give timely notice to Lloyd's of the claim brought against it by plaintiff. Consequently Lloyd's initially denied coverage in the face amount of the policy ($1,000,000). Thereafter, Lloyd's entered into an agreement with the law firm to provide coverage for plaintiff's claim in the amount of $50,000 as well as to provide a defense to the law firm. The plaintiff argues that the amount of coverage agreed upon is insufficient to meet the requirements of G.L.1956 § 7–5.1–8(a) which requires that a professional corporation have aggregate coverage of $50,000 multiplied by the number of professional employees of the corporation, and in no case less than $100,000 up to a maximum of $500,000.

The gravamen of Lloyd's motion to dismiss was its contention that plaintiff had no standing to bring a direct action against Lloyd's, citing G.L.1956 § 27–7–2 which provides as follows.

"Remedies of injured party against insurer.—An injured party, or, in the event of that party's death, the party entitled to sue therefor, in his or her suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return that process 'non est inventus', or where before suit has been brought and probate proceedings have not been initiated the insured has died, or where a suit is pending against an insured in his own name and the insured died prior to judgment, or where a nonresident had been involved in an automobile accident in Rhode Island as an operator or owner and died before suit has been brought, the injured party, and, in the event of that party's death, the party entitled to sue therefor, may proceed directly against the insurer. The injured party, or, in the event of that party's death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer; provided, however, the payment in whole or in part of the liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid."

Lloyd's also cites § 27–7–2.4, which provides for a direct action against an insurer upon the filing of bankruptcy or other insolvency proceeding by the tortfeasor. Lloyd's argues that the conditions precedent set forth in these statutes have not been met because the law firm is not insolvent, process was served upon the firm and not returned non est inventus, and plaintiff has not yet obtained a judgment against the firm.

The plaintiff also included a count against Lloyd's alleging that it had dealt with plaintiff in bad faith in violation of G.L.1956 § 9–1–33. Lloyd's cites *Cianci v. Nationwide Insurance Co.*, 659 A.2d 662 (R.I.1995), which held that an injured party had no standing to bring an action for bad faith against an insurance company when said party was not the insured and was not a party to the contract of insurance. The Court in *Cianci* relied on *Auclair v. Nationwide Mutual Insurance Co.*, 505 A.2d 431 (R.I.1986) (per curiam) for the proposition that the insurer of a third party is not liable to a claimant in an action for bad faith or breach of fiduciary relationship. *Cianci*, 659 A.2d at 667. In *Auclair* we held that the relationship between a claimant and the insurer of an alleged tortfeasor was adversarial and that any obligation to deal in good faith ran only to the insured. *Auclair*, 505 A.2d at 431.

We are of the opinion that plaintiff had no standing to bring a direct action against Lloyd's because he had not obtained a judgment against the law firm and because Lloyd's had no duty to act in a fiduciary capacity toward plaintiff. The plaintiff would have no direct action against Lloyd's until he first obtained a judgment against the law firm, and, sec-

ondly, that such judgment was not satisfied in whole or in part. We express no opinion concerning plaintiff's right to recover against Lloyd's beyond the $50,000 agreement between Lloyd's and the law firm, but we do hold that at the time this case was presented to the motion justice, any action by plaintiff against Lloyd's was wholly premature and did not state a claim upon which relief could be granted within the principles enunciated in *Goldstein v. Rhode Island Hospital Trust National Bank*, 110 R.I. 580, 296 A.2d 112 (1972), and *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967).

For the reasons stated, the plaintiff's appeal is denied. The judgment of dismissal is affirmed. The papers in the case may be remanded to the Superior Court.