# United States Court of Appeals

## For the First Circuit

No. 24-1098

LUTHER C. PARENTE; ERIC L. STEWART,

Plaintiffs, Appellees,

v.

NELSON LEFEBVRE, in his official capacity as Warden of the
Department of Corrections Intake Service Center; MICHELLE
GARRIEPY, JENNIFER MAGEAU, and NANCY RUOTOLO HULL, in their
official capacities as Registered Nurses for the Department of
Corrections; RHODE ISLAND DEPARTMENT OF CORRECTIONS,

Defendants, Appellants,

ASHBEL T. WALL, individually; MATTHEW KETTLE, individually and
in his official capacity as Warden of the Department of
Corrections Maximum Security Facility; JENNIFER CLARKE,
individually and in her official capacity as Medical Director of
the Rhode Island Department of Corrections; SIMON MELNICK,
individually and in his official capacity as Corrections
Physician of the Department of Corrections; TEJ BANSAL,
individually and in her official capacity as Corrections
Physician of the Rhode Island Department of Corrections; MARTIN
J. BAUERMEISTER, individually and in his official capacity as
Psychiatrist of the Rhode Island Department of Corrections; FRED
H. VOHR, individually; PATRICIA ANNE COYNE-FAGUE, in her
official capacity as Director of the Rhode Island Department of
Corrections; WAYNE J. SALISBURY, JR., in his official capacity
as Acting Director of the Rhode Island Department of
Corrections; NELSON LEFEBVRE, in his individual capacity;
MICHELLE GARRIEPY, in her individual capacity; JENNIFER MAGEAU,
in her individual capacity; NANCY RUOTOLO HULL, in her
individual capacity,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary S. McElroy, _District Judge_]

---

Before

Gelpí and Rikelman, _Circuit Judges_
Katzmann,[*] _Judge_

---

James J. Arguin, Special Assistant Attorney General, Office of the Attorney General of Rhode Island, for appellants.

Chloe A. Davis, with whom Richard A. Sinapi and Sinapi Law Associates, Ltd. were on brief, for appellees.

---

December 5, 2024

---

[*] Of the United States Court of International Trade, sitting by designation.

**GELPÍ**, **Circuit Judge**.    Plaintiffs-Appellees Luther C. Parente ("Parente") and Eric L. Stewart ("Stewart") sued the Rhode Island Department of Corrections and its staff (collectively, "RIDOC") for failing to properly treat their preexisting medical conditions.  They allege various federal and state constitutional, statutory, and common law bases for relief, including a claim under the Rhode Island Civil Rights Act of 1990 ("RICRA").  Only the RICRA claim is before us.  The district court denied RIDOC's motion for summary judgment on Eleventh Amendment grounds as to RICRA. RIDOC argues that the district court erred in holding that violations of civil rights under RICRA are subject to the general waiver of Eleventh Amendment immunity under Rhode Island's Tort Claims Act.[1]  Parente and Stewart respond that the Rhode Island Supreme Court's decision in Laird v. Chrysler Corp., 460 A.2d 425 (R.I. 1983), establishes that RICRA claims must be subject to this general waiver.  In evaluating the Eleventh Amendment question posed by this appeal, we conclude that there is "special reason" to certify the underlying state-law issue to the Rhode Island Supreme Court.  Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1045 (1st Cir. 1988) ("[I]f the [federal] court felt there was special reason to do so, it could certify the [state-law] issue to the [relevant state supreme court], whose finding of waiver, if made,

_____

    [1] Individual-capacity defendants are not parties to this appeal.

- 3 -

would be binding . . . notwithstanding the statute's lack of explicit language.").

## I. BACKGROUND

We begin by recounting the facts and procedural history of the case. A lengthy summary of the facts is unnecessary for this opinion. Instead, we opt to briefly recite only those facts necessary to understand the parties' arguments. For greater detail, consult Parente v. Wall, 708 F. Supp. 3d 192, 197-99 (D.R.I. 2023).

### A. Parente and Stewart's Allegations

Parente and Stewart entered RIDOC's custody with preexisting injuries.[2] Parente injured his ankles while attempting to evade arrest. After several visits to non-RIDOC hospitals following his arrest, medical staff diagnosed Parente with a calcaneal fracture of his right foot and ankle and additional fractures in his left heel and ankle. Parente's hospital discharge papers recommended, among other things, that he use a carter pillow to elevate his feet, ice his injuries, use a trauma chair with arm rails, and take medication to manage his pain and to prevent blood clots. Stewart, on the other hand, entered custody having already sprained his ankle about a month before his arrest. His treating

---

[2] In addition to their physical injuries, Parente and Stewart had long histories of psychiatric conditions.

- 4 -

physicians at a non-RIDOC hospital advised him to use crutches, to keep his leg elevated, to apply ice on his ankle, and to use medication to manage his pain.

Parente and Stewart sued RIDOC on February 10, 2016, alleging various federal and state constitutional, statutory, and common law bases for relief. They amended that complaint for the second time on June 22, 2020. Generally, they claimed that RIDOC's medical and correctional staff failed to meet their medical needs. Because of the limited nature of this appeal and our decision, we discuss only Count II of their Second Amended Complaint -- the claims under RICRA, R.I. Gen. Laws § 42-112-1 to -2. Specifically, Parente and Stewart allege that RIDOC's corrections and medical staff "discriminated against" them and caused them to "suffer harm" by "depriv[ing] them of their rights under RICRA," including their "rights to reasonable accommodations." In its answer, RIDOC denied the allegations contained in Count II and asserted that it was immune from liability under RICRA, pursuant to the Eleventh Amendment to the United States Constitution.

## B. District Court Proceedings

On February 23, 2023, the parties filed cross motions for summary judgment. With respect to Count II, RIDOC pressed its sovereign immunity argument. But the district court disagreed with RIDOC's assessment. In denying RIDOC's motion, the district court reasoned that Rhode Island had adopted a general waiver of

- 5 -

its sovereign immunity for "all actions of tort" through the enactment of the State Tort Claims Act.  Parente, 708 F. Supp. 3d at 211 (emphasis added) (quoting Laird, 460 A.2d at 427).  The district court analogized an action for damages under RICRA to an action for damages under the since-amended Civil Rights Act of 1968, which "sound[ed] basically in tort," and determined that RICRA was thus not subject to Eleventh Amendment immunity.  Id. (quoting Curtis v. Loether, 415 U.S. 189, 195 (1974)); see also 42 U.S.C. § 3612 (1974), repealed and amended by Fair Housing Amendments Act of 1988, Pub. L. No. 100-430, § 8(2), 102 Stat. 1619, 1625.  Accordingly, the district court concluded that the general waiver enacted under the State Tort Claims Act also applied to actions under RICRA.  Parente, 708 F. Supp. 3d at 212.

The district court further explained that the Rhode Island Supreme Court held in Pellegrino v. Rhode Island Ethics Commission, 788 A.2d 1119, 1123-24 (R.I. 2002), that "a waiver of sovereign immunity may be implicit and need not be express in the statute that gives rise to the cause of action."  Parente, 708 F. Supp. 3d at 211.  Therefore, the district court reasoned, the critical question here was "whether discrimination actions [under RICRA] sound in tort."  Id.  The district court, relying on precedent from various federal and state cases,[3] answered that

_____

[3] The district court cites the following federal and state cases in its decision: Curtis, 415 U.S. at 195; Rathbun v.

- 6 -

question in the affirmative, holding that "Rhode Island's general waiver of sovereign immunity statute requires us to find that immunity has been waived." Parente, 708 F. Supp. 3d at 212.

RIDOC timely appealed that decision. We have jurisdiction under the collateral order doctrine to review the district court's decision to deny RIDOC immunity under the Eleventh Amendment. Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 122-23 (1st Cir. 2003) (citing P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993)).

## II. DISCUSSION

### A. Sovereign Immunity and the State Tort Claims Act

"The Eleventh Amendment generally bars suits against states and state officials" in federal court. Doe v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021) (citing Ex parte Young, 209 U.S. 123 (1908)). States "may waive [their] eleventh amendment immunity to suit." Della Grotta v. Rhode Island, 781 F.2d 343, 346 (1st Cir. 1986) (citations omitted), abrogated on other grounds by Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). The question of whether the state has waived sovereign immunity against suit in

_____

Autozone, Inc., 361 F.3d 62, 67, 70 (1st Cir. 2004); Acevedo Lopez v. Police Dep't of P.R., 247 F.3d 26, 29 (1st Cir. 2001); Milton v. Scrivner, Inc., 53 F.3d 1118, 1120-21 (10th Cir. 1995); Mancuso v. Douglas Elliman LLC, 808 F. Supp. 2d 606, 632 (S.D.N.Y. 2011); McMillan v. Lincoln Fed. Sav. Loan Ass'n, 678 F. Supp. 89, 92 (D.N.J. 1988); Marrapese v. Rhode Island, 500 F. Supp. 1207, 1221-22 (D.R.I. 1980); Pellegrino, 788 A.2d at 1123-24; and Laird, 460 A.2d at 427-28, 430.

federal court is one of federal law.  When evaluating whether a statute includes such a waiver, this court "will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"  Davidson v. Howe, 749 F.3d 21, 28 (1st Cir. 2014) (alteration in original) (first quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974); then quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171 (1909)).  We can also find a waiver of Eleventh Amendment immunity as a matter of federal law if a state's highest court has expressly held that the state statute at issue includes such a waiver.  See Della Grotta, 781 F.2d at 347 (explaining that the rule "that waiver may not be inferred from a less than explicit statute" was "designed to protect a state from a federal court's ill-founded, possibly mistaken, view of what its state legislature really intended").

The State Tort Claims Act, R.I. Gen. Laws § 9-31-1(a), provides that Rhode Island is "liable in all actions of tort in the same manner as a private individual or corporation" (emphasis added).  In Laird, the Rhode Island Supreme Court interpreted the State Tort Claims Act to contain "sweeping language abrogating the sovereign immunity of the state as well as all other political subdivisions in Rhode Island," including for suits in federal court.  460 A.2d at 428.  RICRA, on the other hand, protects individuals from discrimination. R.I. Gen. Laws § 42-112-1 to -2.

- 8 -

Section 42-112-1(a) provides, in relevant part, that "[a]ll persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have . . . the same rights . . . to the full and equal benefit of all laws and proceedings for the security of persons and property." RICRA does not expressly state whether the state is immune from suit.

RIDOC argues that the district court erred by broadening that waiver of the state's Eleventh Amendment immunity from suit to include cases brought under RICRA. RIDOC rests its argument on the stringent test articulated by the U.S. Supreme Court in Edelman, which is that a state's waiver of sovereign immunity must be presented in "the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." 415 U.S. at 673 (internal quotation marks and citation omitted). Since RICRA neither expressly mentions waiving sovereign immunity nor implicitly suggests it through such an "overwhelming implication[]," id., RIDOC argues that the district court erred in interpreting the State Tort Claims Act to have waived Eleventh Amendment immunity over claims based on RICRA.

### B. Certification

This court typically reviews de novo a district court's denial of an Eleventh Amendment immunity-based motion for summary

judgment. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 60 (1st Cir. 2003) (citing Arecibo Cmty. Health Care, Inc. v. Puerto Rico, 270 F.3d 17, 22 (1st Cir. 2001)). For Rhode Island to have waived its sovereign immunity for civil rights claims under RICRA, those claims need to be considered "actions of tort" under the State Tort Claims Act. R.I. Gen. Laws § 9-31-1(a).

As we noted above, whether a state has waived Eleventh Amendment immunity is a question of federal constitutional law. See Edelman, 415 U.S. at 673. Ordinarily, "we will not consider a State to have waived its sovereign immunity" where "a statute is susceptible of multiple plausible interpretations." Sossamon v. Texas, 563 U.S. 277, 288 (2011) (holding that a state's acceptance of federal funds pursuant to the ambiguous terms of a federal statute did not constitute waiver). And in most cases, certification to a state's highest court is not the appropriate remedy. See Micomonaco v. Washington, 45 F.3d 316, 322 (9th Cir. 1995) (resolving, rather than certifying, the question of whether a Washington statute waived Eleventh Amendment immunity); see also Minotti v. Lensink, 798 F.2d 607, 611 (2d Cir. 1986) (concluding that a Connecticut statute, which the Connecticut Supreme Court interpreted to waive sovereign immunity in state court, did not unambiguously waive Eleventh Amendment immunity in federal court and therefore finding no waiver). Of course, federal courts need

- 10 -

to interpret state law while deciding the ultimate federal question at issue: whether a state has waived Eleventh Amendment immunity. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (reading a California constitutional provision not to waive sovereign immunity but only to authorize the state legislature's waiver of sovereign immunity and therefore declining to find waiver). Accordingly, we have held that where there is "special reason to do so," a federal court grappling with an underlying state-law issue while interpreting a state statute may "certify the issue to" the relevant state supreme court, "whose finding of waiver, if made, would be binding . . . notwithstanding the statute's lack of explicit language." Figueroa-Rodriguez, 863 F.2d at 1045.

Here, we are presented with one such special reason to certify. The parties' dispute focuses on the scope of Laird, a Rhode Island Supreme Court decision. In particular, counsel for Parente and Stewart contended at oral argument that Laird alone establishes waiver in this case. She pointed to Laird's interpretation of the State Tort Claims Act as reflecting "a legislative intent to place the state in the same position as any other private litigant and thus amenable to suit in either state or federal court," and Laird's reasoning that "in order to have an actionable claim against the state, just as with a private defendant, a plaintiff must show that there was a breach of a duty

- 11 -

owed to him or her in an individual capacity and not merely a breach of some obligation owed to the general public." 460 A.2d at 429-30 (citing Ryan v. State Dep't of Transp., 420 A.2d 841, 843 (R.I. 1980)). Counsel for Parente and Stewart therefore frames the issue as one requiring us to interpret a potential ambiguity in Laird itself. In these circumstances, we choose to exercise our discretion to certify the state-law question below to the Rhode Island Supreme Court. In so doing, we reserve for a later date the federal constitutional question of whether state law, as interpreted by the Rhode Island Supreme Court, waives immunity "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." Edelman, 415 U.S. at 673 (internal quotation marks and citation omitted).

The Rhode Island Supreme Court "may answer questions of law certified to it" if the state-law question "may be determinative of the cause then pending in the certifying court" and "it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." R.I. Sup. Ct. R. 6. The conditions necessary for certification, in our view, are satisfied here.

We begin by considering how the question we certify may be determinative of the issue before us. As mentioned, the State Tort Claims Act waived Eleventh Amendment immunity for "all actions

- 12 -

of tort." R.I. Gen. Laws §9-31-1(a) (emphasis added). The Rhode Island Supreme Court in Laird held that the Rhode Island legislature, by enacting this provision, intended "to place the state in the same position as any other private litigant and thus amenable to suit in either state or federal court." 460 A.2d at 430. But Parente and Stewart do not bring claims under the State Tort Claims Act. Rather, their claims hinge on alleged violations of their rights under RICRA -- a separate statute that is silent as to immunity. R.I. Gen. Laws § 42-112-1 to -2. Thus, a subsidiary state-law question in this appeal is whether claims under RICRA are "actions of tort" under the State Tort Claims Act. If they are not, then the Eleventh Amendment would bar their RICRA claims. And as noted above, we have held that a state's highest court can speak with finality on whether a state statute was intended to waive the state's Eleventh Amendment immunity. Della Grotta, 781 F.2d at 347. Therefore, an answer from the Rhode Island Supreme Court on this open question of state law may be outcome-determinative.

Having concluded that the answer to the certified question may be determinative of the issue before us, we next address the lack of dispositive state court precedent. The Rhode Island Supreme Court has not addressed whether RICRA claims are covered by the general waiver of sovereign immunity under the State Tort Claims Act.

The district court relied on Pellegrino, 788 A.2d 1119, in which the Rhode Island Supreme Court held that the state had waived its sovereign immunity in suits brought by former members of the Rhode Island Ethics Commission in state court. The Court found waiver "by necessary implication from the very statutory terms that provided for specific compensation" to be paid to the plaintiffs for attending commission meetings. Id. at 1123-24. But unlike the plaintiffs in Pellegrino, Parente and Stewart do not suggest that the text of the statute at issue (here, RICRA) necessarily implies a waiver. Instead, they rely on the express waiver in the State Tort Claims Act. The more precise question is whether the text of the State Tort Claims Act, properly construed, includes waiver of immunity over RICRA claims. Pellegrino is therefore inapplicable here.[4]

The district court's reliance on the U.S. Supreme Court's decision in Loether was similarly misplaced. In Loether, the Court held that a private enforcement action arising under the Civil Rights Act for money damages "sound[ed] basically in tort"

---

[4] Further, Pellegrino concerned waiver of Rhode Island's sovereign immunity in state, not federal, court. To the extent that the district court suggested that Pellegrino's holding was in tension with our holding in Acevedo Lopez, 247 F.3d at 29, we disagree. Both cases acknowledge that immunity may be waived by necessary implication from statutory text. See Pellegrino, 788 A.2d at 1223 (phrasing it as "necessary implication"); Acevedo Lopez, 247 F.3d at 28 (phrasing it as "overwhelming implication[]" precluding "any other reasonable construction" (quoting Edelman, 415 U.S. at 673)).

- 14 -

and, in turn, was an action "to enforce legal rights" triggering the Seventh Amendment's jury-trial guarantee. 415 U.S. at 196-97. RICRA, on the other hand, authorizes both money damages and "injunctive and other appropriate equitable relief." R.I. Gen. Laws § 42-112-2 (2024). Hence, the statute at issue in Loether is not fully analogous here, where Parente and Stewart request damages and injunctive relief on the basis of RICRA. And in any event, whether RICRA is an "action[] of tort" is a question of Rhode Island law, so any reasoning as to analogous federal laws might be persuasive but not binding. W. Rsrv. Life Assur. Co. v. ADM Assocs., LLC, 737 F.3d 135, 136 (1st Cir. 2013) ("[T]he Rhode Island Supreme Court is the ultimate arbiter of matters of Rhode Island law . . . .").

For these reasons, we conclude that it is an open question under Rhode Island law whether discrimination claims under RICRA are covered by the waiver of sovereign immunity articulated in the State Tort Claims Act.

### III. CONCLUSION

In light of the foregoing, we certify the following question to the Rhode Island Supreme Court:

1. Whether discrimination claims under the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 to -2, are "actions of tort" under the State Tort Claims Act, R.I. Gen. Laws § 9-31-1(a)?

- 15 -

We would welcome further guidance from the Rhode Island Supreme Court on any other relevant aspects of Rhode Island law that it understands would aid in the proper resolution of the issues pending in this matter.

The clerk of this court is directed to forward to the Rhode Island Supreme Court, under the official seal of this court, a copy of the certified question, this opinion, the district court's opinion, and the merits briefs and appendices filed by the parties. We retain jurisdiction over this issue pending resolution of this certified question.

It is so **ordered**.